*In re* OPINION OF THE JUSTICES.[*]

(Dec. 12, 1927.)

[114 So. 887.]

1. CONSTITUTIONAL LAW. *Constitutional provision dividing powers of government into departments impliedly prohibits advisory opinions by one department to another, except as Constitution provides therefor (Constitution 1890, section 1).*

Constitution 1890, article 1, which divides powers of government into three departments, impliedly prohibits giving of advisory

opinions by one department to another, except in so far as another section of Constitution may provide therefor.

2. COURTS. *Constitutional provision held to authorize court to answer only questions relating to discharge of duties of Governor's office (Constitution 1890, section 131).*

Constitution 1890, section 131, *held* to authorize supreme court to answer only questions propounded to it by secretary of state relating to discharge of duties of office of Governor regarding whether there is vacancy in Governor's office, whether Governor is unable on account of illness to discharge duties, and whether Lieutenant Governor, president *pro tempore* of Senate, or speaker of House of Representatives is disqualified or unable to discharge duties of office of Governor, when, if qualified or able, it would be his duty so to do.

3. COURTS. *Supreme court held unauthorized to answer question whether Lieutenant Governor's duty to preside over new senate should be discharged by president pro tempore of preceding Senate (Constitution 1890, sections 1, 129, 131).*

Under Constitution 1890, section 1, impliedly prohibiting giving of advisory opinions by one department to another, and section 131, permitting supreme court to answer certain questions propounded by secretary of state, supreme court *held* without authority to answer question whether Lieutenant Governor's duty under section 129 to preside over Senate from Tuesday, January 3, 1928, until inauguration of new Lieutenant Governor should be discharged by president *pro tempore* of preceding Senate, since court is unauthorized under section 131 to pass on qualification of Lieutenant Governor to discharge any duty of his office other than that of acting as Governor, nor on right of other officers to discharge office of Lieutenant Governor other than that of acting as Governor.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 883, n. 84, 85; Courts, 15CJ, p. 785, n. 36; p. 786, n. 37.

Opinion in response to an inquiry from the secretary of state as to whether Hon. M. P. L. Love, President *pro tempore* of the present Senate, should preside over sessions of the Senate from Tuesday, January 3, 1928, until the inauguration of the new Lieutenant Governor. Court held without authority to answer the question.

The letter and inclosure referred to in the opinion are as follows:

"Walker Wood, Secretary of State.

"Jackson, Miss., December 14, 1927.

"Chief Justice Sydney Smith, Supreme Judges George H. Ethridge, J. B. Holden, W. H. Cook, W. D. Anderson, and James G. McGowen, Jackson, Mississippi—Gentlemen: I herewith hand you a letter that I have received from Hon. M. P. L. Love, that is explanatory.

"If, under section 131 of the Constitution, you determine that the opinion requested should be rendered, I will be glad to receive same, and transmit it to Mr. Love in reply.

"Yours very truly,

"[Signed]   WALKER WOOD,

"Secretary of State."

"Mississippi Executive Department, Jackson.

"Dennis Murphree, Governor.

"Macy Dinkins,

"Private Secretary.

"Mary Sue Donavan,

"Assistant Secretary.

"Amy Strain Byars,

"Stenographer and File Clerk.

"December 12, 1927.

"Honorable Walker Wood, Secretary of the State, Jackson, Mississippi—My Dear Mr. Wood: I understand that there has been some question raised as to my *status* officially and especially with regard to whether or not I shall continue as acting Lieutenant Governor until the Lieutenant Governor elect has been inaugurated and therefore preside over the Senate until the inauguration date.

"Desiring to discharge any duty which may be officially incumbent upon me, and at the same time having no intention to undertake to assume the position which might in any way be questioned, I should like to have you, under section 131 of the Constitution, to make in-

quiry of the supreme court of the state of Mississippi as to my exact status and my duties in the premises.

"Thanking you and with assurance of high esteem, I am, Very cordially yours, [Signed] M. P. L. Love, Acting Lieutenant Governor."

To the Honorable the Secretary of State of the State of Mississippi:

We, the undersigned judges of the supreme court of Mississippi, in reply to your letter and its inclosure, copies of which are hereto attached, respectfully submit the following opinion:

You did not set forth the facts on which the necessity for an opinion from us arises, but we understand those facts to be that Hon. M. P. L. Love is a member, and president *pro tempore,* of the present Senate, the terms of the members of which will expire on December 31, 1927.; that, on account of the death of Governor Whitfield, Hon. Dennis Murphree, the regularly elected Lieutenant Governor for the current term, is now exercising the powers and discharging the duties of Governor; that the newly elected legislature will convene in regular session on Tuesday, January 3, 1928; that Hon. Bidwell Adams, who has been elected to succeed Hon. Dennis Murphree as Lieutenant Governor, will not be inaugurated until about two weeks after the legislature convenes. Section 129 of the Constitution provides that the "Lieutenant Governor shall, by virtue of his office, be president of the Senate." The question which we understand you desire us to answer is this: By whom must the duty of the Lieutenant Governor to preside over the sessions of the Senate from Tuesday, January 3, 1928, until the inauguration of the new Lieutenant Governor, be discharged; or, more specifically, should such duty be discharged by Hon. M. P. L. Love, president *pro tempore* of the present Senate?

Section 1 of the Constitution, which divides the powers of government into three departments, impliedly prohibits the giving of advisory opinions by one department to

another, except in so far as another section of the Constitution may provide therefor. 15 C. J. 785, and authorities there cited. Moreover, and aside from this prohibition, the giving by judges of opinions on questions that may thereafter be submitted for decision to the courts of which they are members is highly improper unless they are constitutionally authorized so to do.

Section 131 of the Constitution which authorizes us to answer certain questions propounded to us by you is as follows:

"When the office of Governor shall become vacant, by death or otherwise, the Lieutenant Governor shall possess the powers and discharge the duties of said office. When the Governor shall be absent from the state, or unable, from protracted illness, to perform the duties of the office, the Lieutenant Governor shall discharge the duties of said office until the Governor be able to resume his duties; but if, from disability or otherwise, the Lieutenant Governor shall be incapable of performing said duties, or if he be absent from the state, the president of the Senate *pro tempore* shall act in his stead; but if there be no such president, or if he be disqualified by like disability, or be absent from the state, then the speaker of the House of Representatives shall assume the office of Governor and perform said duties; and in case of the inability of the foregoing officers to discharge the duties of Governor, the secretary of state shall convene the Senate to elect a president *pro tempore*. The officer discharging the duties of Governor shall receive compensation as such. Should a doubt arise as to whether a vacancy has occurred in the office of Governor, or as to whether any one of the disabilities mentioned in this section exists or shall have ended, then the secretary of state shall submit the question in doubt to the judges of the supreme court, who, or a majority of whom, shall investigate and determine said question, and shall furnish to said secretary of state an opinion, in writing, determining the question submitted to them, which opin-

ion, when rendered as aforesaid, shall be final and conclusive.''

This section provides for vacancies in the office of Governor, and for the discharge of the duties of that office when the incumbent thereof is unable to discharge its duties. The questions which the section authorizes us to answer, when a doubt arises as to what the answers thereto should be, are: First, whether there is a vacancy in the office of Governor; second, whether the Governor is unable, on account of protracted illness, to discharge the duties of his office; and third, whether the Lieutenant Governor, president *pro tempore* of the Senate, or speaker of the House of Representatives is disqualified or unable to discharge the duties of the office of Governor, when, if qualified or able, it would be his duty so to do. We are not authorized under the section to pass on the qualifications of the Lieutenant Governor to discharge any duty of his office other than that of acting as Governor in certain contingencies, nor on the right of any other officer to discharge the duties of the office of Lieutenant Governor, other than that of acting as Governor. In other words, the questions which the section authorizes us to answer are such only as relate to the discharge of the duties of the office of Governor.

The information here sought by you relates not to the discharge by Hon. M. P. L. Love of the duties of Governor, but to the discharge by him of the duties of Lieutenant Governor, and, consequently, is not within the authority conferred upon us to answer questions propounded to us by you.

For these reasons, we are of opinion that we are without authority to answer your question.

SYDNEY SMITH.
GEO. H. ETHRIDGE.
WM. D. ANDERSON.
J. G. McGOWEN.