WHITE, AUDITOR OF PUBLIC ACCOUNTS, *v.* MILLER, STATE TAX COLLECTOR.

(Division A. Jan. 19, 1931.)

[132 So. 79. No. 29194.]

**J. A. Lauderdale**, Assistant Attorney-General, for appellant.

**Chalmers Potter** and **J. H. Sumrall,** both of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, W. J. Miller, state tax collector, filed a petition in the circuit court of Hinds county, Mississippi,

praying for the issuance of a writ of mandamus requiring the appellant, Carl C. White, auditor of public accounts, to receive and file all local tax collectors' reports of privilege taxes and damages collected at the instance of the appellee, and showing deductions of commissions due to said local tax collectors and also deductions of commissions due the state tax collector. The appellant demurred to this petition, assigning as the grounds thereof the following:

"1. The petitioner has a plain, adequate and speedy remedy in the ordinary course of law;

"2. The petitioner is without authority of law to petition for a writ of mandamus.

"3. The petitioner and the county tax collector are not authorized by law to deduct fees or commissions from one and the same collection of a privilege tax.

"4. The petitioner is not entitled to a fee or commission on account of collections of privilege tax made as set out in said petition.

"5. The facts alleged in the petition do not warrant the conclusion of the pleader that the said defendant is trying to abolish the office of State Tax Collector, but said facts do show that the said defendant is attempting to prevent illegal fees and commissions from being deducted from the state's revenues."

The petition set forth the duties imposed upon the state tax collector in reference to the collection of delinquent taxes, and particularly delinquent privilege taxes, and set forth, in detail, the method pursued by him and his predecessors in office in the discovery and collection of said delinquent privilege taxes, the collection thereof being accomplished by and through the local tax collector after service of proper notice on the taxpayer of his delinquency and upon the local tax collector to enforce collection of the tax. The petition then alleged that, after the local tax collector has, at the instance of the state tax collector, collected any delinquent privilege

taxes, it is his duty to make a detailed, itemized report thereof to the auditor of public accounts, showing thereon the amount of taxes and damages collected, the persons from whom, and the privileges for which, collected, the deductions of twenty per cent. commission due the state tax collector as compensation for his services in discovering and requiring the collection, and the commissions due the local tax collector for making the collections; that it is the duty of the local tax collector to remit, with his report to the auditor of public accounts, the amount shown by the report to have been collected, less the commissions which the local tax collector is entitled to retain, and the commissions due the state tax collector, which it is the duty of the local tax collector to remit directly to the state tax collector.

The petition then charged that for a long period of time the auditors of public accounts have accepted reports so made out, but that the appellant now refuses to accept said reports, and refuses to allow said local tax collectors to make the monthly settlement required of them, unless they pay into the state treasury the commissions deductible under the law as being due the state collector for his participation in the collection of such delinquent taxes; that this action on the part of the auditor of public accounts practically nullifies the efforts of the state tax collector to perform his duty in requiring the collection of delinquent privilege taxes discovered by him to be due, for the reason that the local tax collectors are thereby prevented from paying to him the commissions due under the law, and he is, consequently, prevented from employing the services of deputies, who are compensated out of commissions derived from collections of this kind; and that it was the uniform practice of the appellant to refuse to accept said monthly settlements from local tax collectors, although he has no discretion in the matter and no right to refuse said reports, which are in accordance with the law when commissions

of both the local and state tax collector are shown to be deducted.

As illustrating the course of conduct of the appellant in reference to reports of privilege taxes collected, showing deduction of commissions of both the petitioner and the local tax collector, the petition refers to the reports of two certain county tax collectors to which the appellant objected, contending that they were erroneous, in that they showed deductions of commissions due the petitioner, but in each case the petition shows that the appellant either finally agreed to accept the report, or the appellee secured a settlement of the commissions due him by a method therein detailed, the petition charging, however, that the appellant accepted said reports to prevent the appellee from bringing the matter to an adjudication in court, and in furtherance of a scheme to embarrass the appellant in the discharge of his duties in that regard; and that, in an effort to abolish the office of the state tax collector, the appellant threatened the county tax collectors and their bondsmen with suits for any commissions paid to the appellee, and sent to the various county tax collectors of the state a communication embodying an opinion of the attorney-general to the effect that the county tax collectors were required by law to pay into the treasury the entire amount of privilege taxes collected by them, less the commissions allowed to the said county tax collector, and that their failure to do so would subject them to the thirty per cent. penalty provided by law. The prayer of the petition was for the issuance of a writ of mandamus requiring the appellant, the auditor of public accounts, to receive and file all local tax collectors' reports and remittances of privilege taxes and damages collected at the instance of the state tax collector, when filed in accordance with law, and showing the deductions of commissions to the local tax collector and the state tax collector. Upon the overruling of the demurrer to this petition and the failure of the appellant to plead further,

the order entered by the court below merely directed "that the prayer of the petition be granted, and the writ of mandamus prayed for issued."

We have set forth the averments of the petition filed in this cause, as well as the proceedings thereon, somewhat at length, in order that the purposes thereof and objects sought to be accomplished thereby will be manifest. The petition does not allege that the appellant has refused to receive and file any particular report of a county tax collector, or to perform any present duty in reference thereto, and does not seek to require him to receive and file any such report. It, in effect, merely seeks to have the court issue directions or instructions to the state auditor to receive and file certain classes of tax collectors' reports if, and when, submitted in the future. It merely seeks an advisory opinion from the court as to the duties of another department of government for the future guidance of all parties interested, and this the court has neither the inclination nor the power to do. As to the power of the court to issue such advisory opinion, see In re Opinion of Justices, 148 Miss. 427, 114 So. 887. We express no opinion as to the right of the state tax collector to maintain a suit for mandamus to compel the auditor to accept a report submitted by a county tax collector, or upon any other question arising upon the record. The petition will therefore be dismissed.

Petition dismissed.