STATE, *ex rel.* J. W. GILLESPIE, *et al.,* v. JOHN B. RODES, *et al.*

156 So. 701.
Opinions Filed October 1 and November 7, 1934.

*Hull, Landis & Whitehair,* for Relators;
*Noah B. Butt,* for Respondents.

PER CURIAM.—The original alternative writ of mandamus issued herein was quashed by an order entered the 7th day of November, 1933, after which this amended alternative writ of mandamus was filed August 28, 1934. A motion to quash the alternative writ of mandamus was filed August 28, 1934. A motion to quash the alternative writ as now amended will be overruled for the following reasons:

Where several distinct ministerial duties are to be performed by different persons or boards as a means to an end, so as to preserve the integrity and unity of the performance as an entire duty, all such persons may be joined in one writ of mandamus. State, *ex rel.* Knott v. Haskell, 72 Fla. 244, 72 Sou. Rep. 651. A single writ of mandamus is all that is necessary to enforce the assessment and collection of a tax, even though it be by separate and successive steps,

which are necessary to secure the end. Labette County Com'rs v. United States, 112 U. S. 217, 5 Sup. Ct. Rep. 108, 28 L. Ed. 698.

County commissioners are the officers appointed by law to act as the fiscal instrumentality through which administrative action must be taken to assess and collect a tax to provide payment for any claim due a relator as holder of special road and bridge district bonds issued under Sections 2679 C. G. L., 1647 R. G. S., through Section 2699 C. G. L., as well as county bonds. So it is proper that proceedings in mandamus based on county bonds be joined in the same writ with a claim based on special road and bridge district bonds, thereby obviating more than one proceeding to require payment of an indebtedness due to be arranged to be paid by the performance by the Board of County Commissioners of but one general duty on the part of such Board of County Commissioners to look out for the fiscal requirements of the county as an act in *pari materia* with the responsiblity to likewise act for and on behalf of the county's divers special road and bridge districts. Lauderdale County v. Kittel, 229 Fed. 593, 143 C. C. A. 615.

Motion to quash amended within fifteen days.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

### ON MOTION TO QUASH ALTERNATIVE WRIT.

PER CURIAM.—This cause came on to be heard upon the motion of respondents to quash the alternative writ of mandamus herein and was argued by counsel. Upon consideration thereof it is considered, ordered and adjudged by the Court that said motion be granted on grounds 4 and 5 thereof and overruled as to the remaining grounds, with privilege to relators to amend the alternative writ within five days and to respondents to file reply to the amended

writ not later than eight days after service of a copy of the amended alternative writ. Ruling on ground 3 of the motion setting up an alleged misjoinder of commands arising out of alleged diverse duties differently imposed by separate statutes, and susceptible of severable performance, is without prejudice to the right of respondents to renew that ground of objection to the amended alternative writ, and without prejudice to the right of relators to amend their alternative writ in such manner as to eliminate the objection raised by ground 3 of the motion to quash.

Ordered accordingly.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.

BUFORD, J., not participating.