## GIPSON v. STATE.

(In Banc. May 10, 1948. Suggestion of Error Overruled June 14, 1948.)

[35 So. (2d) 327. No. 36858.]

 June 14, 1948.)

[36 So. (2d) 154.   No. 36858.]

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee, on suggestion of error.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of murder, and the verdict and judgment carries the death penalty.. There is no assignment of errors and counsel have filed no brief. Consistent with a policy which this Court has imposed upon itself in death cases, we have not dismissed the appeal but have in the interest of justice examined the record, lest by some chance and patent error, the extreme penalty may be unjustly exacted.

We find no error in the instructions given for the State. Sua sponte, we take notice of a motion to quash the indictment. The second ground is assigned in this language: "For defects and irregularities in the drawing, summonings, impaneling and organization of the Grand Jury."

The challenge is in terms too general under ordinary circumstances. Yet, we assume, to the advantage of the defendant, that the basis was made particular by the introduction of testimony purporting to relate to the method of summoning and impaneling the grand jury.

Counsel for the defendant offered the entire record in the case of Patton v. State, 201 Miss. 410, 29 So. (2d) 96. After colloquy with the trial judge, counsel stated as follows: "If the Court please, it having been agreed that the witnesses in the case of Eddie Buster Patton, No. 4539, that the witnesses called in that case would testify to the same state of facts if called here the testimony is adopted as given in that particular case, if the Court please, Volume 1 of that record contains the material pertinent to this motion." The State's attorney replied as follows: "I don't think that is clear enough. Let the record show

that the State will agree that if the witnesses, and he can name them, that appear to have testified in Volume 1 in the case of State of Mississippi against Eddie Patton, which was tried at a former term of this court, that if they were called to testify in the present case, that is the case of the State against Monroe Gipson, that they would testify to the facts as they testified to the Buster Patton case. I have agreed to that much of it and no more.'' The testimony offered, therefore, was that relating to the method of drawing and impaneling the grand jury in the Patton case, including preexisting practices as to the alleged exclusion of Negroes from the jury box. The record shows that the defendant murdered his own mother.

We do not pass upon the competency of this evidence or the regularity of the adopted procedure.

We are compelled, however, to hold that it was at least irrelevant. Patton was indicted and tried in February, 1946, Pursuant to Code 1942, Section 1766, the jury boxes are emptied and refilled each year at the April meeting of the board of supervisors. Hence, we must assume that since the date of the indictment in the Patton case, the boxes had been emptied and refilled twice prior to the indictment in the instant case on August 4, 1947. The record therefore shows that the testimony so offered, if competent, which we do not decide, falls short a year and a half in covering the period applicable to the present indictment. Since the point was vigorously pressed in the Patton case, the presumption of regularity in the subsequent official acts of the board is strengthened.

We need not comment upon the merits. The record reveals a premeditated and cruel matricide. The purpose was robbery. Appellant fully and freely confessed.

Affirmed, and Friday, June 25, 1948, set as the date for execution of the sentence.

**L. A. Smith, Sr., J.,** delivered the opinion of the court on suggestion of error.

The State has filed, as a suggestion of error, a motion for an advisory opinion as to certain incidents in the trial of this case in the Circuit Court of Lauderdale County, concerning certain statutes, and as to certain holdings by the Supreme Court of the United States, with possible effect upon State Courts. No action by this Court is sought by way of changing the judgment here rendered or otherwise than an advisory opinion, as stated.

It is not within our province to deliver advisory opinions. In re Opinion of Justices, 148 Miss. 427, 114 So. 887. The Supreme Court of the United States has announced the same rule. Federal Radio Commission v. Nelson Bros. Bond & Mortgage Co., 289 U. S. 266, 277, 53 S. Ct. 627, 633, 77 L. Ed. 1166, 1174, 89 A. L. R. 406.

The Attorney General makes a strong argument demonstrating the advantage to the administration of justice by a clarification of the matters to which reference is made in the suggestion of error. The questions are important, but our power is not measured by the importance of questions, but our authority under the Constitution and law. We have no authority to render advisory opinions, as stated. Compare the recent case of California Co. v. State Oil & Gas Board et al., 200 Miss. 824, 27 So. (2d) 542, on Suggestion of Error.

Therefore, we are constrained to overrule the Suggestion of Error.

Suggestion of error overruled.