290 So.2d 263 (1973)
Heber LADNER, Secretary of State of the State of Mississippi, and Jesse L. White, Jr., Secretary of the Mississippi State Senate, Respondents/Appellants,
v.
DEPOSIT GUARANTY NATIONAL BANK et al., Petitioners/Appellees.
No. 47290.
Supreme Court of Mississippi.
December 10, 1973.
Petition for Rehearing Reconsidered and Denied February 25, 1974.
*264 A.F. Summer, Atty. Gen., by Maurice R. Black and George M. Swindoll, Asst. Attys. Gen., Jackson, for respondents-appellants.
Watkins & Eager, Cox & Dunn, Wells, Gerald, Brand, Watters & Cox, Jackson, Burgin, Gholson, Hicks & Nichols; Columbus, for petitioners-appellees.
PATTERSON, Justice:
This is an appeal by Heber Ladner, Secretary of State, and Jesse L. White, Jr., Secretary of the Mississippi State Senate, from a judgment of the Circuit Court of the First Judicial District of Hinds County. The judgment directed writs to mandamus to issue with a copy of the order attached. They are:
 TO: JESSE L. WHITE, JR.
 Secretary of the Senate
 State of Mississippi
You are directed, within fifteen (15) days from and after July 12, 1972, to transmit to the Secretary of State of the State of Mississippi, Senate Bill No. 1535 as enacted by the Legislature of the State of Mississippi, 1972 Session, as a bill which became a law of the State of Mississippi.
*265
 TO: HEBER LADNER
 Secretary of State
 State of Mississippi
You are directed, within fifteen (15) days from and after July 12, 1972 to take possession of and to file, preserve, and otherwise deal with said Senate Bill 1535 as a valid and subsisting law of the State of Mississippi, as in the case of other valid and subsisting laws duly enacted.
Aggrieved, both Ladner and White appeal and assign as error, among other things, the failure of the trial court to sustain the demurrers interposed to the petition.
The demurrer of Ladner challenges the legal sufficiency of the petition upon the premises that the relief requested emanates from a legal conclusion that Senate Bill 1535 became the law of the state without the approval of the governor and as secretary of state he had no legal authority or duty to perform that requested of him by petitioners at the time requested since the validity vel non of Senate Bill 1535 remains to be determined.
White's demurrer raises, in addition to that above, the premise that he is an employee of the Mississippi State Senate and that body, not he, is alone empowered to comply with the mandamus and moreover, mandamus lies only for the performance of a ministerial duty by an inferior tribunal, officer or person, and since the state senate is not inferior to the other departments of government, mandamus does not lie.
We are of the opinion the petition did not state a cause of action and the trial court erred in failing to sustain the demurrers. The decision is therefore limited to this issue.
The petition alleges, in addition to the necessary formalities, that Senate Bill 1535 was duly passed by both houses and enrolled in the senate, was signed by the lieutenant governor and the speaker of the house and was presented to the governor for his approval on May 2, 1972; that he did not return the bill to the secretary of the senate until 9:00 a.m., Tuesday, May 9, 1972, the date the 1972 Session of the Mississippi State Legislature adjourned at 6:00 p.m. The petition then sets forth:
The Governor did not return Senate Bill 1535 within five days as required by Section 72 of the Mississippi Constitution (1970) [sic], therefore, Senate Bill 1535 became law without the approval of the Governor, and Mississippi Code 1942 Annotated section 3977 (1956) requires the same to be deposited in the office of the Secretary of State; that upon the return of said Bill to the Secretary of the Senate on May 9, 1972, same was accompanied by a document bearing date of May 8, 1972, setting forth objections of the Governor of the State of Mississippi to said Bill which is being held by the Secretary of the Senate as a part of the official records of the Senate pertaining to said Bill; that said document containing said objections is null and void, and, as a legal nullity, should be expunged from the records of the Mississippi State Senate by the Secretary of the Mississippi State Senate.
Mississippi Code 1942 Annotated Section 3339 (1956) requires that the Secretary of the Senate keep "a correct journal of the proceedings" of the Senate, "carefully engross and enroll all bills ... that may be ordered to be engrossed or enrolled," and "promptly and faithfully discharge all the duties incident" to his office.
Mississippi Code 1942 Annotated Section 4194 (1956) requires that the Secretary of State receive from the Secretary of the Senate, "keep and preserve in his office, the journals, papers and proceeding of the Senate and all enrolled act." (sic) Mississippi Code 1942 Annotated Section 4197 (1956) requires that the Secretary of State shall deliver to the authorized printer attested copies of all acts passed at each session of the legislature. (Emphasis added.)
*266 It is then alleged that each of the petitioners has a substantial interest in the status of the bill as the law of the state and that demands have been made upon the secretaries of state and senate to perform the statutory duties imposed upon them and that they have failed and refused to do so. Petitioners then charge that if they are not directed to perform the ministerial acts required of them, the petitioners will be deprived of their property without due process of law and denied the equal protection thereof in violation of the Fourteenth Amendment to the Constitution of the United States and of Sections 14 and 72 of the Mississippi Constitution (1890). They therefore requested the issuance of the writ of mandamus to force compliance.
We think it sufficient to state without elaboration that the test of law presented by a demurrer is that it admits all material facts well pleaded in the declaration, bill of complaint or petition. It does not admit, however, the conclusions arising from the admitted facts, but rather denies them. In Tennent v. Barksdale, 3 So. 80 (Miss. 1887), we stated:
By their demurrer the defendants admitted the truth of the relevant facts as stated by complainants, but they did not admit as correct the legal conclusions deduced from these facts by the pleader. The office of a demurrer is to submit to the court the sufficiency of the facts charged to support the legal conclusions essential to the plaintiff's right of action; it does not admit, but denies the conclusion of law to be such as plaintiff contends... .
The legal conclusion contended for by the petitioners is that Senate Bill 1535 became law without the approval of the governor by reason of the fact it was not returned to the senate within five days as required by Section 72 of the Mississippi Constitution (1890).[1] The correctness of this conclusion, though it may be well reasoned from the facts admitted by demurrer, is not before the Court for judicial determination since, being a mere conclusion, it is not well pleaded. It is apparent, however, that the trial court accepted the conclusion as a correct legal premise since its acceptance was a prerequisite to the existence of duties flowing from Senate Bill 1535 to the respondents, the duties now sought to be enforced by mandamus. We adjudicate nothing with regard to the propriety of the trial court's reliance upon the conclusion as a valid expression of the law since we are of the opinion that an adjudication would be advisory and as such beyond our authority. Game & Fish Comm'n v. Marler, 206 So.2d 628 (Miss. 1968); Insured Savings & Loan Ass'n v. State, 242 Miss. 547, 135 So.2d 703 (1961); Gipson v. State, 203 Miss. 434, 35 So.2d 327, 36 So.2d 154 (1948); and In Re Opinion of the Justices, 148 Miss. 427, 114 So. 887 (1927), wherein we stated:
Section 1 of the Constitution, which divides the powers of government into three departments, impliedly prohibits the giving of advisory opinions by one department to another, except in so far as another section of the Constitution may provide therefor. 15 C.J. 785, and authorities there cited. Moreover, and aside from this prohibition, the giving by *267 judges of opinions on questions that may thereafter be submitted for decision to the courts of which they are members is highly improper unless they are constitutionally authorized so to do. (148 Miss. at 430-431, 114 So. at 888)
Turning now to the other aspects of the petition which are well pleaded as they relate to the secretary of the senate, we note that his secretarial duties are stated in Section 3339, Mississippi Code 1942 Annotated (1956) [paragraph 2 of the petition above quoted]. It is apparent from the statute that if the secretary of the senate had a duty of delivering a senate bill, with a veto message attached, to the secretary of state, it arose as a duty incident to the office and not by the terms of the statute. Moreover, to be subject to mandamus the action requested must be either an official duty of the respondent or a mere ministerial act not involving discretion for its performance. The rule, in brief, is that if an administrative officer has discretion in a matter, mandamus may compel the officer to act, but may not control or dictate his discretion for a desired result. Hinds County Democratic Executive Committee v. Muirhead, 259 So.2d 692 (Miss. 1972); and Gill v. Woods, 226 So.2d 912 (Miss. 1969).
Did the secretary of the senate have an official or ministerial duty to return the senate bill with the governor's veto message to the secretary of state?
This question must be answered by the facts stated in the petition, including the senate bill exhibited to it and the veto message. In answering we observe that the veto message with the senate bill is addressed to the Mississippi State Senate and was delivered to the secretary of that body by an aide of the governor. Under these circumstances we are unable to categorize the diversion of these documents from their addressee to the secretary of state, an official of another governmental department for publication as a law contrary to the veto message, to be a mere ministerial act subject to mandamus. The resolution by the secretary of the senate that the bill became the law, thereby imposing upon him the incidental duty of delivery to the secretary of state, would obviously require the exercise of great discretion. It is our opinion that this determination is much more than a ministerial act incident to the faithful discharge of the duties of the office which are subject to mandamus. We therefore conclude the demurrer of the secretary of the senate should have been sustained.
The petition sets forth the duties of the secretary of state (paragraph 3 of the petition above quoted) and that demand has been made upon him for the performance of these duties, but that he refuses. It additionally states, however, that Senate Bill 1535 has not been delivered to him. It is therefore obvious that opportunity was not afforded to the secretary of state for his performance of the duty now sought to be enforced by mandamus. In Wood v. State, 169 Miss. 790, 142 So. 747 (1932), a mandamus proceeding, we held the opportunity to perform to be vital:
It appears to be quite well settled that mandamus will not lie when the act is only to be done in case another party approves thereof. See Merrill on Mandamus, p. 66, § 58. It being perfectly obvious that the secretary of state has not in any way failed to discharge any duty, nor has he had the opportunity to fail, nor can it be presumed that he will fail to discharge any duty enjoined upon him by the law, how, then, can it be said that a suit may be instituted against him and a judgment entered that he shall perform a duty long prior to the time when he is called upon to act? The cause of action must exist at the date of the filing of a petition for mandamus; that is elementary with reference to mandamus and all other suits, except perhaps injunction suits against threatened invasion of the complaining party's rights. (169 Miss. at 796, 142 So. at 749).
*268 We conclude that no cause of action was stated against the secretary of state and that the lower court erred in not sustaining his demurrer as well as that of the secretary of the senate.
Reversed and rendered.
All Justices concur except SUGG, J., GILLESPIE, C.J., and ROBERTSON, J., who dissent.
SUGG, Justice (dissenting):
I dissent from the majority holding in this case because I am of the opinion that a justiciable controversy is presented by this appeal.
The principal question for determination is whether Senate Bill 1535 became an act of the legislature without the approval of the Governor because his veto was not returned within the time required by Section 72 of the Mississippi Constitution of 1890.
The suit was against the Secretary of the Mississippi State Senate and the Secretary of State of the State of Mississippi. The relief sought against Secretary of the Senate was to require him to expunge from the records of the Mississippi State Senate the Governor's veto of Senate Bill 1535 and to deliver the bill to the Secretary of State as a bill which had become law without the approval of the Governor. The relief sought against the Secretary of State was to require him to "file, preserve, publish and distribute the same as an act passed without the approval of the Governor," and to expunge the Governor's veto message.
At the outset, it should be noted that the Constitution provides for the separation of powers between the judicial and legislative departments, each being independent of the other. It is well settled that mandamus will not issue to compel a state legislature or its officers to exercise their legislative functions, or to control its action with respect to duties involving the exercise of discretion. 52 Am.Jur.2d § 131.
However, this case does not involve a legislative function. The legislature passed the bill in question and it was sent to the Governor. The facts in this case show precisely what the legislature and the Governor did. As far as determining whether the bill became law there is nothing more that the legislature or the Governor can do that could affect the question of whether or not the bill became law. The Constitution must be applied to the facts as they exist to determine this question. When the effect of completed acts of the legislative and executive departments are in dispute, as in this matter, the question is a judicial one for the courts. Anything done or not done by the Secretary of the Senate and the Secretary of State has no bearing on whether or not the bill became law. Each of those officials had certain duties to perform if the bill became law, but they are ministerial, because neither has any discretion to exercise.
Therefore, there is no merit to the contention that the remedy sought in this case would interfere with a legislative function. Nor are the duties of the Secretary of the Senate discretionary.
I am of the opinion that the court was without authority to require the Secretary of the Senate to expunge the Governor's veto from the records of the Mississippi State Senate; however, this would not bar a final determination of the issue here involved.
The majority opinion holds that the trial court erred in not sustaining the demurrer of the Secretary of the Senate. The reason assigned is that the Secretary of the Senate did not have a ministerial duty to return the senate bill with the Governor's veto message to the Secretary of State, but the decision involved discretion.
The determination of whether or not the Governor's veto message was returned within the time required by Section 72 of the Mississippi Constitution of 1890 is not a question for determination by the Secretary of the Senate. Statutory law provides *269 for publication by the Secretary of State when a legislative bill becomes law. The bill in question being a senate bill could be published only if the Secretary of the Senate delivered the bill to the Secretary of State. While neither the Secretary of the Senate nor the Secretary of State have any official functions to perform insofar as the basic question of whether the bill became law or not, they do have official duties when a bill does become law. But for the reasons already stated, these functions are ministerial. If the bill in question became law the petitioners are entitled to its publication so that there will be an official record of a law that governs their daily transactions; therefore, in my opinion, the petitioners in seeking the writ of mandamus in this case have stated a cause of action. The judgment they seek is not a mere advisory opinion.
The majority also held that the demurrer of the Secretary of State should have been sustained because he was not afforded the opportunity to perform the duty which was sought to be enforced by mandamus. This is the rule in this state as correctly stated in the majority opinion, but the rule is not without exception. A recognized exception is that it is permissible to include in one writ two or more public officials who are required to act successively to accomplish the results sought.
This precise question was before the Supreme Court of the United States in Board of County Commissioners v. United States ex rel. Moulton, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698 (1884) where the court stated:
The relator is entitled to an effective writ, and he can have it only on the terms of joining in its commands all those whose co-operation is by law required, even though it be by separate and successive steps, in the performance of those official duties, which is necessary to secure to him his legal right. Otherwise the whole proceeding is liable to be rendered nugatory and abortive. For the levy and collection of a tax is not only an entire thing, although accomplished by successive steps and by separate officials, but it is a continuous transaction, each one taking it up where his predecessor left it; and if the relator was compelled to obtain a separate mandamus against each person charged with the performance of a single service, the very delay and break in the continuity of the process might be, by the terms of the law itself, a sufficient answer to each succeeding writ; and if it were not, it would prolong the proceeding to such indefinite length as to deprive the writ of the very character of a remedy... . (5 S.Ct. at 111).
The opinion also discussed the question of whether a mandamus should issue until an officer has refused to do the act sought by mandamus. The court stated:
The same point had been previously raised and decided in The King v. The Mayor of Abingdon, 1 Ld.Raym. 559, by Chief Justice Holt, who said: "There have been a hundred writs directed to the mayor and aldermen of London in cases of acts to be done by them separately." The report continues: "The second exception to the writ was to that part of the writ which commanded the mayor to swear Sellwood and Spinnage, that they sued this too soon; for a mandamus ought not to go until the officer has refused to do the act and his duty; or, at least, that there was some person who had right to have the thing done to them, which was not in this case, because they were not yet elected; that this was to sue a mandamus quio timet, and, like the case of an original bearing teste, before the cause of action accrued. But per Holt, C.J., it will be well enough in this case, because they are acts depending the one upon the other; first, they ought to elect him, and then the mayor ought to swear him. And the writ was held good, and the return disallowed, and a peremptory mandamus was granted." (5 S.Ct. at 112).
*270 The question of several distinct ministerial duties to be performed by different persons as a means to an end was also discussed in State ex rel. Gillespie v. Rhodes, 116 Fla. 733, 156 So. 701 (1934) in which the court stated:
Where several distinct ministerial duties are to be performed by different persons or boards as a means to an end, so as to preserve the integrity and unity of the performance as an entire duty, all such persons may be joined in one writ of mandamus. State ex rel. Knott v. Haskell, 72 Fla. 176, 244, 72 So. 651. A single writ of mandamus is all that is necessary to enforce the assessment and collection of a tax, even though it be by separate and successive steps, which are necessary to secure the end. Board of Com'rs of Labette County v. United States, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698 (156 So. at 701).
If we fail to decide this case on the merits it would leave the status of Senate Bill 1535 uncertain until another suit could be filed, tried, and determined on appeal. We have before us all the facts and argument necessary for a decision. There is no question but that there is a dispute of significant proportions as to whether Senate Bill 1535 became the law of this state. The judicial power is vested by the Constitution in the courts and the essence of judicial duty is to resolve controversies and I am of the opinion that this controversy ought to be resolved in the present suit.
GILLESPIE, C.J., and ROBERTSON, J., join in this dissent.
NOTES
[1] Section 72. Every Bill which shall pass both Houses shall be presented to the Governor of the state. If he approve, he shall sign it; but if he does not approve, he shall return it, with his objections, to the House in which it originated, which shall enter the objections at large upon its Journal, and proceed to reconsider it... . If any Bill shall not be returned by the Governor within five (5) days (Sundays excepted) after it has been presented to him, it shall become a law in like manner as if he had signed it, unless the Legislature, by adjournment, prevented its return, in which case such Bill shall be a law unless the Governor shall veto it within fifteen (15) days (Sundays excepted) after it is presented to him, and such Bill shall be returned to the Legislature, with his objections, within three (3) days after the beginning of the next session of the Legislature.