I have carefully reviewed the petition for writ of error coram nobis and/or habeas corpus submitted by Leo E. Edwards. In my view there is no merit in any of the claims asserted, and I would deny the petition on that basis — on the merits. Several issues tendered have already been fully litigated. Without doubt, there is no problem with the Court's holding that further litigation of those issues in the courts of this state has been foreclosed under notions akin to res judicata and collateral estoppel. Because there is language in the opinion of the Court which suggests the possibility that some of Edwards' claims may have been denied on other procedural grounds, I write briefly.
This Court has a long and venerable tradition of painstaking appellate review in those most difficult cases of all, ones in which the penalty of death is to be imposed. Has the defendant been afforded substantial justice, has he received a fair trial, have always been the inquiry, not whether his counsel was nimble on points of procedure. See Fisher v. State, 145 Miss. 116, 134, 110 So. 361, 365 (1926). On direct appeal in death penalty cases, this Court has consistently reviewed evidentiary questions where no proper objection was made at trial. Musselwhite v.State, 212 Miss. 526, 539, 54 So.2d 911, 914-915 (1951). The substantive correctness of jury instructions has been considered where the point was not presented below nor assigned as error on direct appeal. Bell v. State, 360 So.2d 1206, 1215, 1216-1218 (Miss. 1978); and Culberson v. State, 379 So.2d 499, 506 (Miss. 1979). Errors which may individually be considered harmless are scrutinized for their cumulative impact in death penalty cases.Russell v. State, 185 Miss. 464, 469, 189 So. 90, 91 (1939).
In recent years the Supreme Court of the United States has repeatedly recognized that the penalty of death is qualitatively different from any other authorized under our law. Woodson v.North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d *Page 910 
944 (1976); Lockett v. Ohio, 438 U.S. 586, 604-605, 98 S.Ct. 2954, 2964-65, 57 L.Ed.2d 973 (1978); and Beck v. Alabama,447 U.S. 625, 638, 100 S.Ct. 2382, 2390, 65 L.Ed.2d 392 (1980).
This obvious premise is nothing new here. For example, inGipson v. State, 203 Miss. 434, 35 So.2d 327 (1948), this Court wrote
 "Appellant was convicted of murder, and the verdict and judgment carries the death penalty. There is no assignment of errors and counsel have filed no brief. Consistent with a policy which this Court has imposed upon itself in death cases, we have not dismissed the appeal but have in the interest of justice examined the record, lest by some chance and patent error, the extreme penalty may be unjustly exacted. 203 Miss. at 437, 35 So.2d at 328.
In recent years this Court has repeatedly re-acknowledged its obligation of heighten scrutiny in review of death penalty cases.Irving v. State, 361 So.2d 1360, 1363 (Miss. 1978); Laney v.State, 421 So.2d 1216, 1217 (Miss. 1978). And, I am confident that the members of this Court would afford these cases such scrutiny even if they are under no legally binding obligation to do so.
To be sure, the state has an interest in achieving finality in litigation, even capital punishment litigation. The state no doubt in most cases has a legitimate interest in enforcing contemporaneous objection and other procedural rules. But death is different. Surely the State of Mississippi has no interest as great as its interest in assuring that, before a man suffers the irrevocable penalty of death at the hands of the state, he be accorded every substantial right and protection known to our law, procedural niceties to the contrary notwithstanding. No such contrary interest has been identified in the opinion of the Court, nor could it be.
In this context, I am not totally happy with some of the language in the Court's opinion disposing of Edwards' petition. Because I do not understand it to undermine or retreat from the tradition established in this Court decades ago, nor to overrule any of the cases cited above, I am content to note my concurrence.
DAN M. LEE, J., joins in this opinion.