## HENRY M. LAMB v. ELIAS A. ROWAN.

### APPLICATION FOR A WRIT OF PROHIBITION.

PROPERTY IN CUSTODIA LEGIS. *Receiver. Order for preservation. Appeal from final decree.*

> The authority of a court to make orders for the preservation of property in the hands of its receiver is not impaired by an appeal. with supersedeas, from the final decree in the cause.

FROM the chancery court of Copiah county.

HON. HENRY C. CONN, Chancellor.

Rowan, appellee, was complainant in the court below; Lamb, appellant, was defendant there. After the rendition of the final decree in the cause, an appeal, with supersedeas, was prosecuted to the supreme court by defendant Lamb. Before the hearing of this appeal the appellant, Lamb, applied to the supreme court for a writ of prohibition to prevent the court below and its officers, including a receiver who had been appointed in the cause, from carrying into effect certain orders made by the court below after the suspensive appeal had been granted. These orders so made were directions to the receiver to sell parts of the property to raise funds with which to pay taxes, and otherwise protect the property in his hands from loss and destruction. The application for the writ of prohibition was predicated of the idea that the suspensive appeal deprived the court below of all jurisdiction in the cause and authority to make orders for the protection of the property.

The petition averred that Rowan filed a bill in the chancery court of Copiah · county, Miss., in 1899, against petitioner, Lamb, charging that a partnership existed between himself and Lamb in a sawmill and planing plant and certain timbered lands; that Lamb had run the mill, conducted the business,

81 Miss.—24

kept the books, and collected the money, and had refused to operate the business any further; praying for a dissolution of the partnership, and an accounting between them, and for a sale of the partnership property, and for a receiver to take charge of said property; that Lamb answered the bill, denying the partnership and his liability to account; that the court appointed a receiver, and put him in possession of all the property, with order to sell the lumber on hand. There was no appeal from the order appointing the receiver. The petition further allege that the court upon an accounting rendered a final decree dissolving the partnership, and awarding Rowan a personal decree for the sum of $2,251.51 against Lamb, and ordering the property sold to pay this sum, and for division of any surplus, etc.; that Lamb perfected an appeal, with supersedeas, from that decree; that, after this appeal was so perfected, Rowan filed a petition in the chancery court for an order to operate said mill by the receiver; that petitioner answered said petition, setting up that the chancery court had no jurisdiction of the cause to make such an order, yet the chancellor, in vacation, over the objection of petitioner, made an order authorizing said receiver to operate said mill and to saw the timber owned by petitioner and Rowan for the purpose of raising funds to pay taxes and otherwise protect the property. The prayer was for a writ of prohibition directed to the chancellor, receiver, and Rowan restraining them from executing said order, and prohibiting said court or chancellor from taking any further steps in said suit until the further order of the supreme court.

*Green & Green*, for the application; *R. N. Miller, contra.*

Whitfield, C. J., delivered the opinion of the court.

The general rule that, when an appeal with supersedeas has been perfected from the final decree of an inferior court, the jurisdiction of the inferior court ceases, and that of the ap-

pellate court attaches, is, of course, well settled. But that principle has no application to the case. The order appointing the receiver in April, 1899, was never appealed from, and the fact that the final decree in this case was rendered, settling the rights of the parties, in no way deprived the lower court of the right to make any orders in the receivership necessary to protect and preserve the fund for the parties entitled—orders, as in this case, to pay taxes and insurance, and to sell perishable lumber to realize money with which to pay taxes, insurance, etc. The receivership was still in the court below. The property, the subject of the receivership, was in the possession of the lower court, through its receiver. The appeal from the final decree did not remove the property or fund into this court, and all orders necessary to the protection and preservation of that fund or property, it was perfectly competent for the lower court to make in the course of the receivership, including any orders necessary to protect and preserve the fund.

This is abundantly supported by authority. The case of *Buckley* v. *George*, 71 Miss., at page 586 (15 South., at page 48), approves the doctrine, the court saying: "It is uniformly held that an appeal from a final decree does not displace a receiver appointed by a prior interlocutory decree, . . . for appeals from final decrees do not suspend administrative interlocutory decrees." That case is no authority for petitioner, for in it there was an appeal from the order appointing the receiver. But the precise point is expressly decided in the following cases: *Spring* v. *Insurance Co.*, 6 Wheat., 519 (5 Law ed., 320), where the court held that: "In an equity cause the *res* in litigation may be sold by order of the circuit court, and proceeds invested in stocks, notwithstanding the pendency of an appeal to this court." *Hinson* v. *Adrian*, 91 N. C., where the court say: "The motion proceeds upon the misconception of the legal effect of the appeal, and the condition and status of the case resulting therefrom. The fund is not thereby

transferred to the appellate court, or the authority to be exercised for its preservation withdrawn, but it remains in the custody and under the care of the superior court, as before, until the decision upon the appeal had been rendered. Meanwhile that court may make all necessary orders in reference to it upon application of the parties interested in its safety and final disposition. . . . These conditions clearly indicate the retention by the superior court of the powers necessary to the preservation of the funds in litigation, and subsidiary to the practical ends of the action. Nor are they in conflict with a series of adjudged cases which declare that the effect of an appeal from a final judgment is to remove the cause into a higher court, and make the affirmation of it therein a final and complete disposition of the controversy involved in the action. *Isler* v. *Brown*, 69 N. C., 125.

This cause is removed by the appeal to another jurisdiction, but the auxiliary agencies employed in the court below in furtherance of its purpose remain under the control of the judge thereof until the termination of the action, unless superseded by some proper order in this court. When a final determination is reached in either, these agencies will be required to do whatever is necessary to the full execution of the judgment, and render it effectual. As the appeal does not transfer the funds which remain in charge of the court below, the judge possesses the power, and to him the application should be made to make such orders in regard to it as the interest of the parties may require for its preservation and forthcoming when required. The motion is denied." And *Jennings* v. *Carson*, 4 Cranch, at page 25, 2 Law ed., 531, where Marshall, C. J., said for the court: "(2) Whether the court of New Jersey, after an appeal from its sentence, possessed the power of selling the George and her cargo, and holding the proceeds for the party having the right. That the British courts possessed this power is admitted, but the plaintiffs contend that it is conferred by statute, and is not incident to a prize court. That

the power exists while the cause is pending in court seems not to be denied, and, indeed, may be proved by the same authority, and the same train of reasoning which has already been used to show the right to take possession of the thing whenever proceedings are *in rem*. Browne, in his chapter on the practice of the instance court, shows its regular course to be to decree a sale where the goods are in a perishable condition. The plaintiffs allege that the power to decree a sale is founded on the possession of the cause, but the court can perceive no ground for such an opinion. It is supported by no principle or analogy, and is repugnant to the reason and nature of the thing. In cases only where the subject itself is in possession of the court is the order of sale made. If it be delivered on security to either party, an order of sale pending the cause is unheard of in admiralty proceedings. The motive assigned for the order never is that the court is in possession of the cause, but that the property in possession of the court is in a perishable state. A right to order a sale is for the benefit of all parties, not because the case is pending in that particular court, but because the thing may perish while in its csutody, and while neither party can enjoy its use. If, then, the principle on which the power of the court to order a sale depends is not that the cause is depending in the court, but that perishable property is in its possession, this principle exists in as much force after as before an appeal. The property does not follow the appeal into the superior court. It still remains in the custody of the officer of that court in which it was libeled. The case of its preservation is not altered by the appeal. The duty to preserve it is still the same, and it would seem reasonable that the power consequent on that duty would be also retained. On the principles of reason, therefore, the court is satisfied that the tribunal whose officer retains possession of the thing retains the power of selling it when in a perishable condition, although the cause may be carried by appeal to a superior court. This opinion is not unsupported by authority.

In his chapter on the practice of the instance court, page 405, Browne says: 'If the ship or goods are in a state of decay, or of a perishable nature, the court is used, during the pendency of the suit, or sometimes after sentence, notwithstanding an appeal, to issue a commission of appraisement and sale, the money to be lodged with the registrar of the court in *usum jus habentis.*' This practice does not appear to be established by statute, but to be incident to the jurisdiction of the court, and to grow out of the principles which form its law. A prize court, not regulated by particular statute, would proceed on the same principles; at least there is the same reason for it.''

It is clear that the learned chancellor had jurisdiction to make the order, and the petition for a writ of prohibition is denied. So ordered.

CALHOON, J., having been of counsel before his appointment to the bench, took no part in this decision.