JAMES L. McDANIEL ET AL. *v.* WALTER HURT ET AL.

[41 South. Rep., 381.]

1. SUPREME COURT. *Academic questions.*

  The supreme court is not a forum for the decision of mere academic questions; it will decide only cases in which there is an actual controversy between the parties.

2. INJUNCTIONS.

  Rights already lost and wrongs already suffered cannot be corrected by injunction.

FROM the chancery court of, second district, Perry county.

HON. THADDEUS A. WOOD, Chancellor.

McDaniel and others, the appellants, were the complainants in the court below; Hurt and others, the appellees, were defendants there. From a decree dissolving a preliminary injunction the complainants obtained an appeal without supersedeas to the supreme court, under Code 1892, § 34, "to settle the principles of the case." Before the case was heard in the supreme court the special election to fill a vacancy in a county office, sought to be enjoined, had been held, and the person elected had qualified and entered the duties of the office.

*Sullivan & Tally,* for appellants.

WHITFIELD, C. J., delivered the opinion of the court.

This court cannot entertain an appeal where there is no actual controversy.    See 2 Ency. Pl. & Pr., p. 341, sec. 4; and see, especially, note 2 on p. 343, and the authorities therein cited, particularly *Chamberlain* v. *Cleveland,* 1 Black (U. S.), 419 (17 L. ed., 93); *Liltle* v. *Bowers,* 134 U. S., 547 (10 Sup. Ct., 620 (33 L. ed., 1016), and *Chicago R. R. Co.* v. *Dey,* 76 Iowa, 278 (41 N. W. Rep., 17), in which last case it is held that, "where the cause on appeal relates to questions involved in rights which have ceased to exist, the appeal will be dismissed." It is also laid down on page 344, in note 1: "The appellate court will not determine a cause involving nothing more than a question of costs"—citing numerous authorities.

Again, the object of this injunction was to prevent the holding of the election for sheriff.    The injunction was dissolved, and a supersedeas denied, and then, curiously enough, an appeal granted, as alleged, for the purpose of "settling the principles of the cause."    The whole cause was "settled" when the election was held, and, the injunction being dissolved and the supersedeas denied, the officers properly proceeded to hold, and did hold, the election.    We are in the attitude of being asked, by this appeal, to reverse this decree, reinstate the injunction, and to make the injunction perpetual against the holding of an election which has been already held.    An injunction is not granted to prevent the occurrence of a thing which has already occurred. In 16 Am. & Eng. Ency. Law (2d ed.), 362, the law is thus stated: "It is a general rule that rights already lost and wrongs already perpetrated cannot be corrected by injunction, and that the party aggrieved must seek some other remedy for redress."

*On both the grounds indicated, therefore, this appeal should be, and is hereby, dismissed.*