WIRT ADAMS, STATE REVENUE AGENT v. WILLIAM M. CARTER
ET AL.

[46 South., 59.]

1. SUPREME COURT PRACTICE. *Appeal. Payment of judgment. Plea in bar. Motion to dismiss.*

Whether a plaintiff's appeal from a judgment in his favor for only a part of his demand, is defeated by his accepting payment of the judgment, cannot be raised in the supreme court by motion to dismiss, but is the subject of a special plea in bar of the appeal.

2. SAME. *Proceedings after judgment, no part of record.*

A written direction by plaintiff for the issuance of an execution on his judgment and the execution issued in pursuance thereof, with the return thereon, do not constitute any part of the record of the judgment and will be striken therefrom on motion.

FROM the circuit court of Sunflower county.
HON. SYDNEY M. SMITH, Judge.

MOTION TO DISMISS APPEAL AND MOTION TO STRIKE SEVERAL
PAGES FROM THE RECORD.

Adams, state revenue agent, appellant, was plaintiff in the court below; Carter and others, appellees, were defendants there. From a judgment in plaintiff's favor for only a part of his demand he appealed to the supreme court. The appellees moved a dismissal of the appeal because the appellant had enforced and accepted payment of the judgment, and the appellant moved to strike from the record several pages containing matters occurring subsequent to the judgment.

*Baker & Moody,* and *Tim E. Cooper,* for the motion to dismiss appeal. *O. G. Johnson, contra.*

*O. G. Johnson,* for motion to strike out part of the record; *Baker & Moody* and *Tim E. Cooper, contra.*

MAYES, J., delivered the opinion of the court on the motions. The motion to dismiss the appeal, because the appellant has

accepted the amount due on the judgment appealed from since the taking of the appeal, is not the proper way to raise the question, and therefore the motion to dismiss must be overruled. The only way to raise the question in this court is by a plea in bar, supported by proper evidence.* The question not having been so raised, the motion must be overruled, without prejudice to the right of the appellee to present the question in the proper way within thirty days from date of this judgment.

The motion to strike out the designated four pages of the record, because not a proper part of it, is sustained. The record closed at the date of the judgment, and nothing happening subsequent to that time can properly be made a part of it.

---

* See the case next following in this volume.