McINNIS v. SIMMONS et al.

(Division A. March 7, 193?.)

[139 So. 872. No. 29805.]

**R. L. Bullard** and **Bullard & Bullard,** all of Hattiesburg, for appellant.

**Stevens & Heidelberg,** of Hattiesburg, for appellees.

**McGowen, J.,** delivered the opinion of the court.

A. K. McInnis, the appellant, was plaintiff in execution in the court below, the Federal Credit Company was claimant of the property levied on by execution, and E. C. Simmons was defendant in execution.

From a judgment in favor of the Federal Credit Company, A. K. McInnis prosecutes this appeal.

The Federal Credit Company files a plea in bar of the appeal here; the plea being, in substance, to the effect that, since the rendition of the judgment appealed from in this case, a judgment was rendered in the county court of Forrest county in favor of the First National Bank against A. K. McInnis and B. O. McInnis, for one hundred seven dollars and eighteen cents and costs, on August 13, 1931. Thereupon, an execution issued based upon said judgment, and the sheriff levied same upon the judgment which McInnis had theretofore obtained against Simmons, the basis of the litigation pending on appeal here. Said judgment was sold by the sheriff, and the Federal Credit Company, the appellee here, became the purchaser of said judgment.

It will be seen that the judgment against Simmons, the basis of this litigation, is no longer owned by the appellant, nor has he any interest therein, according to the allegations of the plea. The Federal Credit Company, being the appellee here, and the other party to the litigation, is now the owner of the basis of this suit.

The plea in bar filed was sworn to by the secretary and treasurer of said appellee, and attached to the plea is the affidavit of the circuit clerk of Forrest county setting forth the facts in detail and describing in detail the judgments. There is also attached to the plea a certified copy of the judgment rendered against McInnis in favor of the First National Bank, a certified copy of the execution with the return of the sheriff thereon, and also a copy of the conveyance of the appellant's judg-

ment against Simmons by the sheriff to the Federal Credit Company.

The replication filed by the appellant, McInnis, is in effect that he ought not to be barred, because there is no such record as is alleged; that there has been no levy upon the judgment nor sale thereof as set forth in the plea.

It will be seen that the movant has by affidavit and certified copy of the record established that the plaintiff no longer owns, nor has any interest in, the original judgment against the debtor, Simmons, and therefore has no interest in the prosecution of this suit, and whatever interest McInnis had now belongs to the appellee, the Federal Credit Company.

Neither in the plea nor in the brief does the appellant, McInnis, advise the court, or set forth, any reason why this motion should not be sustained. In his brief he says, in effect, that this court cannot try an issue of fact, and that he might, and would be able to show in some other court that the judgment was void, or the execution void, or that the appellee Federal Credit Company obtained this judgment by fraud and collusion. There is filed no counter affidavit. There is not pointed out to us in the record any defect therein. On the face of the record thus presented clearly it is made to appear that there was complete alienation from McInnis of title to the basic judgment upon which he must rely, and the title thereto vested in the Federal Credit Company, the appellee and movant herein.

On such an issue, it has been the custom of this court to receive affidavits presented and determine the truth of the issue. Section 3376, Code of 1930, authorizes this court to settle issues of fact properly raised here.

Section 3021, Code of 1930, renders judgments of courts subject to be levied upon and title to be passed in execution sales. The general rule is as follows: ''As a general rule, where a party to an appeal or writ of error has

transferred or otherwise lost his interest in the subject-matter in controversy, the appeal will be dismissed when the fact is properly brought to the attention of the appellate court, unless there is statutory provision to the contrary, or unless there has been or may be a substitution of parties. But the rule does not apply, of course, unless the transfer is complete, so as to divest appellant of all his interest in the subject-matter, and there are other exceptional cases." 3 C. J., p. 1030, section 1003.

The case at bar is within this rule.

Plea sustained, and appeal dismissed.