RICHARD *v.* KING'S DAUGHTERS & SONS, CIRCLE NO. 2.

(Division B. June 20, 1938.)

[182 So. 101. No. 33247.]

Ernest Kellner, Jr., of Greenville, for appellee on plea in bar.

**R. B. Terry,** of Jackson, for appellant.

## On Suggestion of Error.

**Per Curiam.**—After the decision of the court below, sustaining the demurrer to the bill in this case, the appellees filed a plea in bar of the appeal, alleging that the matter had become moot, for the reason that the relief sought by the appellant is in the nature of specific performance of an alleged contract with the appellant to do the plumbing and heating work in the construction of the building involved, or for a mandatory injunction requiring appellee to execute in writing the alleged contract with appellant, and requiring appellee to permit appellant to enter upon the premises, to carry out and perform the alleged contract; and that since the institution of the suit, and pending the appeal, the nurses' home had been completed, including plumbing and heating contemplated by the alleged contract.

An affidavit was filed with the plea by the business manager and financial secretary of the appellee, in which it is stated that the construction of the said nurses' home, including the plumbing and heating work in connection therewith, was entirely completed on the 27th day of January, 1938, and that the home has now been occupied and in use since the 31st day of January, 1938; that the check of the appellant in connection with

the bid has been returned to him by registered United States mail.

There was no denial of the facts set forth in the affidavit in support of the plea in bar, and the facts present sufficient matter to bar the appeal, as the court would not award a contract, or compel the performance thereof, the work in connection therewith being already completed; but the appellant would be remitted to a suit for damages, if he is entitled to damages in connection therewith.

The suggestion of error is therefore overruled.

Overruled.