ORGILL BROTHERS & COMPANY *v.* RODDY, et al.

No. 40037          March 19, 1956          86 So. 2d 37

*Cooper & Harper,* Indianola, for appellant.

*Lyon, Davis & Price,* Indianola; *Montgomery & Var-nado,* Belzoni, for appellees.

ETHRIDGE, J.

Without passing on the merits, the decree of the chancery court must be affirmed because this appeal now involves only a moot question. Review is sought by an alleged materialman, Orgill Brothers & Company, of a decree of the Chancery Court of Humphreys County denying Orgill the right to intervene in a suit by a contractor against the owner of property for the contract price for erection of four grain bins on the property of S. Leroy Reed.

On January 26, 1954, Roddy and Robertson brought suit in the Circuit Court of Humphreys County against Reed. It was charged that Roddy and Robertson had erected on Reed's property certain storage bins, equipment and machinery under a contract in the amount of $17,870; that there was a balance due them of $14,977.40, and defendant refused to pay it; that plaintiffs held a lien on the storage bins and the land upon which they were erected; and that the court should enforce this lien and render a judgment against Reed for the stated amount. Reed's answer denied that plaintiffs had performed the contract as agreed to, and described additional installation work necessary to be done. Reed averred that numerous laborers and materialmen had given him notice that Roddy and Robertson owed them. By counterclaim Reed charged damages for delay in installation, and asked for a judgment over against plaintiffs of $5,173.85. Plaintiffs denied the averments of the

cross-claim. Nine laborers and materialmen claiming some of the proceeds of the Reed contract were allowed to intervene. On February 8, 1955, the case was transferred to the chancery court.

On June 13, 1955, appellant Orgill Brothers and Company filed a petition for leave to intervene, averring that Orgill had furnished materials and equipment for the storage bins and asking leave to file its claim against Roddy and Robertson for the sum of $16,113.83, which claim had been reduced to judgment in the Circuit Court of Sunflower County on September 6, 1954. This was a default judgment against W. E. Roddy, and not against Robertson, the other member of the partnership. The petition of intervention charged that on August 13, 1953, Roddy, acting for himself and for Roddy and Robertson Engineering Company, entered into a contract with Reed to construct the storage bins in question; that Orgill is a wholesale dealer in such equipment, and that Roddy acting for himself and Robertson purchased from Orgill certain equipment and machinery and used them in the construction of Reed's grain bins; that Roddy and Robertson did not pay for such materials, and failing so to do, Roddy executed a series of notes evidencing this debt, and failing to pay them, Orgill filed suit and obtained a judgment in the Circuit Court of Sunflower County against Roddy; and that the partners were indebted in the amount of that judgment, Hence Orgill asked that out of Roddy and Robertson's contract price with Reed, which was still in Reed's hands, Orgill should receive its pro-rata share.

On June 13, 1955, the chancery court sustained the motion of Orgill to intervene and directed the clerk to file the petition. The motions to dismiss the intervention were taken under advisement. Roddy and Robertson had moved to dismiss Orgill's petition to intervene on the ground, among others, that Orgill did not have a lien on the storage bins because it had elected to bring

suit and reduce its claim to judgment against Roddy, and is therefore estopped to intervene. The intervening laborers and materialmen also filled a motion to expunge the claim of Orgill against Roddy and Robertson. It charged that Orgill was not within the class of persons contemplated by Code Section 372; and that Orgill had elected its remedy and released its lien.

On June 15, 1955, the chancery court conducted a hearing on the motion of Orgill to intervene and the motions to strike the petition for intervention. It then developed that Orgill claimed only $3,248.58 of its materials went into Reed's bins, and not all covered by its judgment against Roddy. The court sustained the objections to Orgill's intervention and dismissed its petition. The order doing this gives no reasons, and allows an appeal. This order dismissing the intervention is the one from which Orgill has appealed without supersedeas.

On June 15, 1955, the chancery c o u r t rendered a lengthy decree in which it found that Reed still owed Roddy and Robertson $12,039.32; that a total of $6,738.65 was owed by Roddy and Robertson to laborers and materialmen, other than Orgill, which should be paid to them first; that thereafter Reed should pay to Roddy and Robertson the sum of $5,300.67, being the balance due them; and they were given a lien on the machinery and equipment to secure that debt. Orgil took no appeal from this decree.

On June 20, 1955, Orgill gave notice of appeal from the decree dismissing the petition of intervention, and on June 28, 1955, Orgill appealed from the decree of the chancery court dismissing its petition of intervention. This appeal was without supersedeas, and the appeal bond named as appellees only Roddy and Robertson, Reed, and a mortgagee of Reed's whose priority is not in question. None of the laborers and materialmen who intervened in the chancery court and who were

adjudged by that court to be due $6,738.65 of Reed's debt were named as appellees in the bond, although their counsel signed an entry of appearance for them as appellees in the appeal and waived service of process. However, Orgill did not appeal from the decree of June 15, 1955, deciding the issues in the principal suit. It appealed only from the decree dismissing its petition for intervention, and this was done without supersedeas.

On February 20, 1956, this Court sustained Reed's motion to dismiss the appeal as to him. Since Orgill had not appealed with supersedeas, Reed had previously paid the total amount of the judgment of the chancery court against him, into the Chancery Court of Humphreys County. Thereafter, some assignees of the interest of Roddy and Robertson caused to be issued a writ of garnishment against the chancery clerk and two banks in Belzoni. The garnishees filed an answer admitting that the chancery clerk had in his possession a sum to satisfy the judgment, and filed an interpleader making as parties defendant all parties interested in the proceeds of the final judgment of June 15, including Orgill. Reed joined in the bill of interpleader. By decree dated December 13, 1955, the Chancery Court of Humphreys County adjudged the foregoing facts, and found that Orgill had waived process and entered an appearance in the interpleader suit; that the money represented by the judgment should be paid and distributed to the beneficiaries under the decree of June 15, and Reed was discharged from further liabilities to such persons; and that Orgill was not entitled to participate in the distribution of the money. This decree of December 13, 1955, and the fact that Reed had paid in full the judgment of June 15, were the basis of this Court's order sustaining Reed's motion to dismiss the instant appeal as to him. It is conceded that all of the money owed by Reed has been paid out to the judgment creditors.

■■ The decree of the chancery court dismissing appellant Orgill's petition for intervention in that court

should be affirmed on this record, since that matter is now moot. An appeal will not be considered if the question presented by it has become moot or academic, or if an event has occurred which makes a determination of it unnecessary, or renders it impossible for an appellate court to grant effectual relief. 3 Am. Jur., Appeal and Error, Sections 733-737. Appellant complains that the chancery court erroneously sustained motions to dismiss its petition of intervention. The intervention was sought in a suit based upon Miss. Code 1942, Section 372, which authorizes materialmen and laborers to intervene in a suit by a contractor against the owner, for the purpose of asserting their claims against the amount due the contractor by the owner, upon the date of the service of notice of such claim to the owner by the materialmen. Appellant had the right to appeal with supersedeas from both of the decrees of June 15, 1955, and to protect its rights, if any, to those funds. Code Section 1147. However, appellant elected (a) not to appeal with supersedeas and (b) not to appeal from the decree of June 15 adjudicating the rights of all parties to the suit with Reed. On the contrary, it only appealed without supersedeas from the decree of that same date dismissing its petition for intervention. Hence Reed's liability for the judgment against him continued in effect without supersedeas, he paid the amount thereof into the chancery court, and pending appellant's instant appeal from the decree dismissing its petition for intervention, the beneficiaries of the judgment had garnishment executed, there was an interpleader, and the money was paid and distributed in full to the intervening laborers and materialmen, and to Roddy and Robertson and their assignees.

The petition by Orgill was based upon Code Section 372, and was therefore directed toward asserting a claim to funds still in the hands of the owner Reed. But pending appellant's appeal from the dismissal of its petition

for intervention, which was without supersedeas, Reed paid the money into court, and under a writ of garnishment and an interpleader action all of the amount owed by Reed has been distributed to the beneficiaries of the decree of June 15, 1955, which was not appealed from by Orgill. So the proceeds sought to be attached in appellant's petition to intervene have now been legally distributed to the beneficiaries of a decree from which appellant took no appeal. Hence the subject-matter of this suit is terminated and this appeal is now moot. If this Court held that appellant should have been permitted to intervene, and this case were remanded, appellant could in this action obtain no effectual relief. Appellant already has a circuit court judgment against Roddy. A remand of this case, even assuming such would be proper, would be the doing of a vain thing, because the facts intervening pending the appeal have rendered it impossible for this Court or the chancery court to grant effectual relief. And these events have occurred primarily as a result of appellant's decision to appeal from only one of the two decrees of June 15, and to appeal without supersedeas from that one. 4 C.J.S., Appeal and Error, Section 1354, p. 1955. For these reasons the case is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.