INSURED SAVINGS AND LOAN ASSOCIATION, et al. *v.* STATE, EX REL. JOE T. PATTERSON, ATTORNEY GENERAL

No. 42023          December 4, 1961          135 So. 2d 703

548

*Joe T. Patterson, Attorney General,* and *J. R. Griffin,* Asst. Atty. Gen., Jackson, for Movant.

*Creekmore & Beacham,* Jackson, for Movee.

RODGERS, J.

This is an appeal from a final decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, in which the Chancellor granted a decree enjoining the Insured Savings and Loan Association, a Mississippi corporation, and its officers, Norman Gradsky, President, B. J. Gradsky, Vice President, and Howard Meadors, Secretary-Treasurer, from operating said Savings and Loan Association, and from receiving deposits therein, issuing any stock, withdrawing any funds therefrom, or performing any act or holding out or representing the Insured Savings and Loan Association as a going business concern authorized to transact any business in Mississippi. The Chancellor's final order appointed a permanent receiver for the Insured Savings and Loan Association, and required him to post a $50,000 bond. The Receiver's bond was duly approved and filed.

The decree appealed from was the result of a suit filed by the Attorney General of Mississippi against the aforesaid Insured Savings and Loan Association, its named officers, and Norman Gradsky, B. J. Gradsky, Howard Meadors, Dewey D'Angelo, Roger D'Angelo and Finley Painter. The bill of complaint filed by the Attorney General on behalf of the State of Mississippi charged that the officers and other defendants conspired to defraud the citizens of Mississippi who had de-

posited money with the defendant Insured Savings and Loan Association. The bill of complaint enumerated several specific charges as evidence of the general charge of fraud, larceny, embezzlement, and obtaining money by false pretense, and sought an interlocutory injunction against the defendants enjoining them from doing business, accepting deposits and issuing stock, in the business of Insured Savings and Loan Association, and asked that a receiver be appointed pendente lite to take over the business, with the power to liquidate and settle the affairs of the defendant Loan Association. Upon ex parte hearing, the Chancellor entered an order enjoining the defendants from doing business as requested by the Attorney General, and also appointed Frank H. Hagaman as Receiver. The Insured Savings and Loan Association (hereinafter referred to as Loan Association) and its officers were then summoned and they filed a general and special demurrer, an answer, and also a motion to dissolve the temporary injunction. The other named defendants filed their separate answers denying fraud and requesting that they be released.

The court released and discharged all of the defendants before final decree in the case, except the Loan Association and its officers. Mr. Norman Gradsky testified during the trial that he then owned all of the stock in the company, as follows: "Q. Did I understand you to say that you owned all of the capital stock in Insured Savings and Loan? A. That is right. I said that about ten times, I believe through this trial."

After the Chancellor rendered his oral opinion at the conclusion of the final hearing, and had given an oral finding of fact on certain questions requested by the attorney for appellant, but before the final decree was entered, he entered a separate order on the 10th day of February 1961. In this order it is stated: "Defendant Norman Gradsky offered to settle all the matters involved in this cause by advancing to defendant Insured

Savings and Loan Association a sum of money, evidenced by its open unsecured non-interest bearing note, sufficient to (a) to pay off and discharge in full all receivership expenses and all accounts payable and (b) to pay in full all such holders of share accounts and time certificates as should desire their money, all on condition that the temporary injunction heretofore issued and served be dissolved, and the defendant Insured Savings and Loan Association be permitted to resume normal business as a building and loan association, and

"The court having carefully considered said offer, is of the opinion that it will be to the best interest of the creditors of the defendant Insured Savings and Loan Association and to the best interest of those who have monies on deposit with the said defendant Insured Savings and Loan Association as evidenced by pass books and by time certificates, and to the best interest of the public that said offer be accepted * * *''

The record does not disclose what happened to this offer of settlement, and this offer of settlement and order is pointed out here so as to connect chronologically the acts of the court shown by the record with the orders entered by the court after final decree.

After this case reached this Court on appeal, a motion was filed by appellee, State of Mississippi, ex rel., Attorney General, asking this Court to "docket and dismiss" this appeal upon the ground that the decree of the Chancery Court under date of March 20, 1961, "has been vacated and is not a final decree within the meaning of Sections 1147 and 1945, Miss. Code 1942", and in support of this motion, the appellee offered certified photostatic copies of court records showing that, (a) Insured Savings and Loan Association and Norman Gradsky, together with Southern Life and Surety Insurance Company and one Glen M. Graham, petitioned the Chancery Court to direct the receiver to turn over to the Insured Savings and Loan Association all of the property of

the Association, except such money as was necessary to pay off all accounts payable and receivership expenses, and to permit the defendant Loan Association to resume normal business as a loan association; (b) the certified photostatic court record of the Receivers answer in which he offered no objection to the request of the petition; (c) a photostatic certified court record of the order of the Chancellor directing the receiver and appellants to proceed to turn over the property and assets of the Loan Association; (d) a certified photostatic copy of the court record of the petition of the Receiver stating that all of the conditions and agreements have been consummated, that Glen H. Graham has purchased 55% of the stock of the Loan Association; that Norman Gradsky, B. J. Gradsky, and Howard Meadors have resigned as directors of the corporation and that new officers have been elected, and that Southern Life and Surety Insurance Company has deposited $100,000 worth of municipal bonds to insure payment of the time certificates due the depositors.

Appellants do not deny, and in effect admit, the truth of the evidence offered with the motion to docket and dismiss, but say that these petitions and decrees are administrative in nature, entered for the purpose of protecting and preserving the assets of the receivership, and are mere steps in execution of the final decree of March 20, 1961.

The so-called "motion to docket and dismiss", with the attached evidence, has brought to the Court's attention the following factual situation: (1) Norman Gradsky, B. J. Gradsky and Howard Meadors have resigned and are no longer parties to this cause of action as officers of the defendant-corporation; (2) Norman Gradsky has sold 55% of his stock to one Glen E. Graham, and they both signed a petition to the Chancellor asking the court to permit the Loan Association to resume normal business; (3) that the order enjoining the Loan

Association from doing business has been abrogated, the injunction, in effect, dissolved, since the Loan Association is permitted to resume normal business; and (4) that all parties requested the Chancellor to "pay the receivership expense" and to turn over to the Loan Association all of its assets except "such amount of cash as is necessary to pay off and discharge * * * all receivership expense", and appellants could not now be heard to complain of the court's order paying such expenses.

The final decree of March 20th ordered that (a) the affairs of the Loan Association have been badly mismanaged by the officers thereof, that the Loan Association is insolvent; (b) that a conspiracy to defraud the investing public by the officers of the Loan Association has been proven, and damage has been done and will continue to be done if the defendants who are the officers are allowed to continue to operate the business; and (c) the injunction is made permanent, and the receiver is made permanent and required to post a bond. It is apparent that all of this has been removed and settled except to discharge the Receiver, and advising appellants whether there has been fraud in the affairs of the company; whether or not the suit was properly brought; and whether or not the Insured Savings and Loan Association was insolvent. The order of the court to discharge the Receiver is ministerial and will follow as a matter of course upon his final report. All of the foregoing issues have been settled, and there is nothing left for this Court to pass upon.

The Supreme Court has no power to render advisory opinions. McLendon v. Laird, 211 Miss. 662, 52 So. 2d 497; Van Norman v. Barney, 199 Miss. 581, 25 So. 2d 324; Shelton, et al. v. Ladner, Secretary of State, et al., 205 Miss. 264, 38 So. 2d 718; Gipson v. State, 203 Miss. 434, 35 So. 2d 327, 36 So. 2d 154.

■■ The general rule that an appellate court will not entertain an appeal after the interest of the parties has terminated is stated in 2 Am. Jur., Appeal and Error, Sec. 151, p. 943, as follows: ''Although a party may have had an appealable interest at the commencement of a suit, if his interest has terminated before judgment, he cannot, as a general rule, appeal. Thus, a party to an action who, after judgment, conveys all his interest in the subject-matter of the litigation loses his right to appeal, as he no longer has any interest in the litigation and is not injured by the result of the action.''

In McInnis v. Simmons, et al., 162 Miss. 606, 139 So. 872, this Court, in quoting from 3 C. J., Sec. 1003, p. 1030, said: ''As a general rule, where a party to an appeal or writ of error has transferred or otherwise lost his interest in the subject-matter in controversy, the appeal will be dismissed when the fact is properly brought to the attention of the appellate court * * *'' See also 4 C. J. S., Appeal and Error, Sec. 181, p. 553.

■■ Moreover, where the cause on appeal relates to questions involved in rights which have ceased to exist, the appeal will be dismissed. Orgill Brothers & Company v. Roddy, et al., 227 Miss. 291, 86 So. 2d 37; State, ex rel., Collins, Attorney-General v. Standard Construction Co., et al., 118 Miss. 469, 78 So. 625; McDaniel, et al. v. Hurt, et al., 88 Miss. 769, 41 So. 381.

■■ It is also a well-established rule that review proceedings are not allowed for the purpose of settling abstract or acedemic questions, and an appeal will be dismissed if the questions or issues presented have become moot. See 3 Am. Jur., Appeal and Error, Sec. 733, p. 309; 3 Am. Jur., Appeal and Error, Sec. 824, p. 365; McDaniel v. Hurt, supra; Sellier, et al. v. Board of Election Commissioners of Harrison County, 174 Miss. 360, 164 So. 767; Lee, et al. v. Board of Supervisors of Covington County, 179 So. 274 (Miss.); Moran v. Murphy, 187 Miss. 633, 193 So. 29; State, ex rel., Knox, At-

torney General v. Board of Supervisors of Pearl River County, 115 So. 343 (Miss.) ; Rawlings, et al. v. Claggett, et al., Election Commissioners, 174 Miss. 845, 165 So. 620.

██ ██ The rule that the Supreme Court will not consider moot questions is applicable to injunction suits, and is pointed out in 28 Am. Jur., Injunctions, Sec. 331, p. 843, as follows: ''The rule that on review by appellate courts immaterial, unnecessary, or moot questions will not ordinarily be considered is applicable on review of injunction orders and decrees.'' See cases cited under Note 13. See also, State, ex rel., Collins, Attorney General v. Standard Construction Co., supra; McDaniel, et al. v. Hurt, supra.

Appellants answer the ''motion to docket and dismiss'' by showing that the appeal was taken and perfected April 5, 1961, and that the orders of June 5th and 8th, 1961, mentioned in the motion to docket and dismiss, were obviously made after the appeal was taken, and claim such orders would not affect the appeal to this Court. There are three apparent answers to this contention: (1) The Chancery Court has authority to make orders for the preservation of property in the hands of a receiver pending an appeal. Lamb v. Rowan, 81 Miss. 369, 33 So. 4. (2) Appellants bring the petition requesting the Court to terminate the receivership, turn over assets in his hands to the Loan Association, pay the cost and expense, and permit new officers to be elected in their place. (3) Appellant officers having removed themselves from the case, and the injunction against the Loan Association preventing it from doing business having been in effect dissolved by permitting the appellant Company to proceed to do business, the issues before this Court have become moot.

██ ██ It is a general rule, that a motion to docket and dismiss is the proper procedure to present to the Supreme Court matters that appear of record and occur

prior to judgment or decree from which appeal is taken, (as was done in Mississippi Power Company, et al. v. Mississippi Public Service Commission, et al., 240 Miss. 621, 128 So. 2d 315), ██ ██ but matters which do not appear of record, or which occur after the final judgment or decree, should be presented by a plea in bar. 2 Am. Jur., Appeal and Error, Sec. 205, p. 971. Our Court has consistently followed this rule. See Adams, State Revenue Agent v. Carter, 92 Miss. 578, 46 So. 59; McInnis v. Simmons, et al., 139 So. 872 (Miss.); State, ex rel., Knox, Attorney General v. Board of Supervisors of Pearl River County, 115 So. 343 (Miss.); Turner Lumber Company v. Robinson, 155 Miss. 882, 125 So. 86; McDaniel v. Hurt, supra; Farmer v. Allen, 85 Miss. 672, 38 So. 38; Adams, State Revenue Agent v. Carter, 92 Miss. 579, 46 So. 59; McCaskey Register Company v. Swor, et al., 122 So. 758 (Miss.); Richard v. King's Daughters & Sons, Circle No. 2, 182 Miss. 475, 182 So. 101; Rawlings v. Claggett, supra.

There are, however, at least two cases where this Court has dismissed appeals on motion to docket and dismiss on the ground that the issue had become moot. They are State, ex rel., Collins, Attorney General v. Standard Construction Co., 118 Miss. 469, 78 So. 625, and State, ex rel., Knox, Attorney General v. Board of Supervisors of Pearl River County, supra.

██ ██ It is better practice for appellee to file a plea in bar when matters are to be presented to the Court by appellee in the form of evidence, as is permitted by Section 1960, Miss. Code 1942, Recompiled. ██ ██ A plea in bar should be verified, and ordinarily affidavits are attached, as was done in the cases of McInnis v. Simmons, et al., and Richard v. King's Daughters & Sons, supra.

██ ██ The Supreme Court of Mississippi is an appellate court, (Section 146, Mississippi Constitution 1890) and has jurisdiction of "* * * controversies * * *

cognizable in said Court \* \* \*'' See Section 1945, Miss. Code 1942, Recompiled. This Court cannot, therefore, entertain an appeal where there is no actual controversy. McDaniel, et al. v. Hurt, supra. Moreover, we have no authority to pass upon moot questions. State, ex rel., Knox, Attorney General v. Board of Supervisors of Pearl River County, supra, and the Supreme Court may of its own motion dismiss a moot case whenever it has been properly brought to the Court's attention, as was pointed out in Pafhausen v. State of Mississippi, ex rel., Loposer, 94 Miss. 103, 47 So. 897, and as was done by the Court in the cases of Morgan v. Murphy, et al.; McDaniel, v. Hurt, supra, and Lee, et al. v. Board of Supervisors of Covington County.

The records attached to the motion to dismiss in this case bear the certificate of the clerk of the trial court, and will be received in evidence in accordance with Section 1725, Miss. Code 1942, Recompiled. The appellants admit the truth of the contents of the exhibits, and therefore there is no necessity for a verification of the plea, as is required of a plea in bar.

This Court, under the peculiar circumstances above set out, will consider the motion to dismiss, filed in this case, together with the attached certified copies of the record, as a plea in bar, ''\* \* \* whatever may be the name by which the pleading is called \* \* \*'', (as said in Kittrell v. O'Flynn, 203 Miss. 164, 33 So. 2d 164, 169). The plea in bar of the appeal will be sustained and the case dismissed.

Appeal Dismissed.

*Lee, P. J.,* and *Arrington, Ethridge* and *McElroy, JJ.,* concur.