RODGERS, Justice:
ON MOTIONS:
Anna Seraphina Porter, a resident of Jackson, Mississippi, departed this life on June 6, 1964. She had executed and published her will on January 12, 1951. Prior to her death, the First National Bank of Jackson, Mississippi had been appointed and was duly qualified and acting as the guardian of the estate of the testatrix. After the death of the testatrix, Jean Gale Neumann filed a petition in which she alleged that she was named one of the executors in the will of testatrix and that the will of testatrix was in the possession of the above-named First National Bank of Jackson, Mississippi. The Chancery Court of the First Chancery Court District of Hinds County, Mississippi allowed the probate of the instrument as the last will and testament of Anna Seraphina Porter in common form and issued letters of executorship to the petitioner. A petition, assigned Cause by the executrix asking the court to allow No. 69,113 in the lower court, was filed the will to be probated in solemn form, to construe the will, and to determine the rights of Frank Vacek, nephew of the testatrix and son of Alzbeta Vackova (Vacek), one of the beneficiaries under the will. The other beneficiary named in the will was Frantisek Havranek. Both Alzbeta Vacek and Frantisek Havranek were residents of Prague, Czechoslovakia.
The bank filed an answer and cross bill in which it admitted that Frantisek Vocak is one and the same person as Frank Va-cek, a temporary resident of California, but the bank contended that the testatrix was a non compos mentis, incapable of exercising a power of appointment given her under the will of her late husband, Robert Porter. The bank prayed that the court determine the interest of the executrix, *775 Jean Gale Neumann, and that of the defendants, Alzbeta Vacek, Frank Vacek, and Frantisek Havranek, in the assets held by the bank.
Frank Vacek filed his answer to the petition of the executrix and the cross bill of the bank, stating that his mother, Alzbeta Vacek, wanted him to have her share of the estate. He further alleged that if her part of the estate were sent to Czechoslovakia it would be confiscated by the government. He asked to be- appointed a co-executor of the will of his aunt. He contended that the jewels of his aunt should be turned over to him. The will was probated in solemn form by the decree of the chancery court. The executrix was ordered to liquidate the estate, and the court decided that the estate belonged to Alzbeta Vacek and Frantisek Havranek, the sister and a nephew of the testatrix. The court decided that Frank Vacek had no interest in the estate.
The will of the testatrix expressly provided, however, that if Alzbeta Vacek did not survive the testatrix, her half of the estate would go to her nephew, Frank Vacek. The chancellor ordered the bank to hold the funds until such time as persons in the United States lawfully claimed the assets of the estate, or until the dev-isees or someone acting for them claimed such estate.
In the meantime one Sam F. Fink, as attorney-in-fact for the two devisees, Alz-beta Vacek and Frantisek Havranek, filed a cause of action, No. 65,816, and alleged that the assets of the estate could and would be delivered to the devisees in Czechoslovakia, and further requested that the assets of the estate be delivered to him for the devisees. The two causes of action, No. 69,113 and No. 65,816, were consolidated for trial by the chancellor. All parties, including the executrix, the bank, and Frank Vacek, filed answers to the claims of Sam F. Fink, attorney-in-fact. Frank Vacek was permitted to be made a party defendant in view of his claim that his mother was forced to sign a power of attorney. Upon final hearing, the chancery court entered a decree denying the claim of Frank Vacek to the estate of his mother, Alzbeta Vacek, and directing the First National Bank of Jackson, Mississippi to turn over the money and jewelry held by the bank as proceeds of the estate of Robert Porter and Anna Seraphina Porter to Sam F. Fink, attorney-in-fact, for dev-isees Alzbeta Vacek and Frantisek Hav-ranek for the purpose of distribution to them.
The court required the attorney-in-fact, Sam Fink, to post a surety bond for the faithful performance of the decree requiring delivery of the estate to the devisees. Frank Vacek appealed from this decree, and this Court allowed the appellant to appeal with a supersedeas bond. The bond was not posted, but the bank refused to deliver the estate pending appeal to this Court.
Thereafter this Court overruled a motion of Sam F. Fink to dismiss the appeal of Frank Vacek. Later, Frank Vacek filed a plea in this Court styled “Motion to Remove Sam F. Fink from Cause as to Alz-beta Vacek.” This plea alleged under oath that the movant Frank Vacek’s mother, Alzbeta Vacek, had died on December 25, 1967, subsequent to the final decree in the chancery court, and that Frank Vacek is the only son. In this plea it is contended that the substituted power of attorney given to Sam F. Fink had been revoked by the death of movant’s mother, and the plea requested that Sam F. Fink be removed as a party of interest insofar as the inheritance of Alzbeta Vacek is concerned. Sam F. Fink answered the plea and denied that the movant, Frank Vacek, was the only heir of his mother, but admitted that the power of attorney-in-fact given to him had been revoked by the death of Alzbeta Va-cek. He admitted that the case should be remanded to the trial court for determination of the ownership of the property belonging to Alzbeta Vacek, deceased.
*776 Thereupon Sam F. Fink filed a motion to dismiss the appeal as to the estate of Frantisek Havranek for the reason that the appellant, Frank Vacek, is no longer an interested party in the appeal, because, it is said, his appeal was based upon his claim to the estate of his mother, Alzbeta Vacek, who is now dead. Thus his appeal insofar as Frantisek Havranek is concerned is merely an appeal of amicus curiae, and an amicus curiae has no standing to appeal from a judgment of a trial court. The appellant denies this and contends that he was made a party intervenor in the trial court and that he should also be permitted to continue the appeal insofar as his cousin’s estate is concerned because, it is alleged, if this is delivered to Frantisek Havranek in Czechoslovakia, it will be confiscated by the Government of Czechoslovakia.
A careful examination of the entire record in this case convinces us that both pleas filed by the appellant and the appellee should be sustained, and that the appeal should be reversed under the conditions hereafter mentioned.
First. We examine appellant’s plea designated as a “Motion to Remove Sam F. Fink from Cause * * This plea raises facts which accrued after the judgment and decree in the trial court.. These facts are unknown to this Court. They are outside the record on appeal, and must be presented by a plea in bar. We said in Insured Savings & Loan Association v. State ex rel. Patterson, 242 Miss. 547, 557, 135 So.2d 703, 707 (1961), that: “ * * * (M)atters which do not appear of record, or which occur after the final judgment or decree, should be presented by a plea in bar. 2 Am.Jur., Appeal and Error, Sec. 205, p. 971. Our Court has consistently followed this rule.” (We cited many cases.)
In the instant case the appellant filed an affidavit to the so-called motion alleging that his mother had died after the decree of the trial court and that appellee admits this fact and agrees that his power of attorney has ceased to be valid. We therefore consider the sworn motion to be a plea in bar, as was done in the Insured Savings & Loan Association case above cited.
We are also of the opinion that the decree of the chancery court directing the bank to deliver the property belonging to Alzbeta Vacek to Sam F. Fink should be reversed and that the case should be remanded to the trial court for determination of the ownership of this bequest.
Second. We are also of the opinion that the motion of Sam F. Fink asking this Court to dismiss the appeal of Frank Vacek as to the one-half interest of the estate of testatrix bequeathed to Frantisek Havranek should be sustained. The only interest which the appellant, Frank Vacek, had in this litigation at the outset was his interest as agent for his mother, to deny the claim of Sam F. Fink wherein he claimed that he was the lawful attorney-in-fact of the appellant’s mother. Appellant claimed no interest in that part of the estate belonging to Frantisek Havranek. The trial court permitted the appellant to intervene as party defendant on behalf of his mother in view of certain letters she had sent to the appellant. The appellant alleges that he was also amicus curiae, because of state public policy.
It is apparent, however, that when the appellant’s mother died he became a party of interest to her estate and that the decree of the trial court should be set aside so as to permit him to pursue his claim in that court. It is also apparent that when his claim as to his mother’s inheritance is removed to the trial court appellant will have no further interest in the appeal, and that the decree of the trial court should be affirmed as to the disposition of the inheritance of Frantisek Havranek. Appellant points out, however, that a similar motion has been previously overruled by this Court and contends that it should not be *777 considered again. We are of the opinion, however, that the interest of the appellant in the appeal of this suit insofar as the inheritance of Frantisek Havranek has now become moot and that his appeal should be dismissed. This Court will not entertain an appeal after the interest of the parties who appealed has terminated. Insured Savings & Loan Ass’n v. State ex rel. Patterson, 242 Miss. 547, 135 So.2d 703 (1961).
The only interest Frank Vacek could possibly have in the estate of Frantisek Havranek is that of amicus curiae, and a friend of the court has no right to appeal. Jones v. Cashin, 133 Miss. 585, 98 So. 98 (1923); Hancock County v. State Highway Comm’n, 188 Miss. 158, 193 So. 808 (1940).
We are of the opinion that the motion of Frank Vacek asking that Sam F. Fink be removed as a party to the appeal as to Alzbeta Vacek should be sustained and that the motion of Sam F. Fink asking that the appeal of Frank Vacek be dismissed should also be sustained.
We hold that the decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi in the consolidated case of Frank Vacek v. Sam F. Fink et al. is hereby set aside and reversed. The case is reopened insofar as the decree adjudicates the ownership and right to the possession of the interest of Alzbeta Vacek to her distributive share of the estate of Anna Seraphina Porter and Robert Porter, deceased. This case is therefore reversed and remanded to the trial court so that further proceedings may be had to determine the right of the possession of this bequest.
We are of the further opinion and so hold that the decree of the chancery court as to the interest of Frantisek Havranek and all other matters settled by the trial court in the foregoing decree except the ownership of the estate of Alzbeta Vacek and the costs of court should be, and it is, hereby affirmed. The costs of appeal will be divided between the appellant and the appellee.
Reversed and remanded for further proceedings in the trial court in accordance with the foregoing opinion.
All Justices concur.