227 So.2d 466 (1969)
M.T. REED CONSTRUCTION COMPANY, a Corp., and M.T. Reed, Jr.
v.
The JACKSON MUNICIPAL AIRPORT AUTHORITY, City of Jackson, Mississippi, and Becknell & Saums, Inc.
No. 45439.
Supreme Court of Mississippi.
October 27, 1969.
*467 Cox, Dunn & Clark, Jackson, for appellants.
E.W. Stennett, Robert E. Perry, Kenneth I. Franks, Jackson, for appellees.
PATTERSON, Justice.
This is an appeal from the Chancery Court of Hinds County. The appellant, M.T. Reed, Jr., as a taxpayer, filed an injunction suit against the Jackson Municipal Airport Authority, hereinafter referred to as the Authority, the City of Jackson, and Becknell & Saums, Inc. In the original suit M.T. Reed Construction Company was also a complainant, but was dismissed for failure to qualify as an interested taxpayer in the amended bill of complaint.
This suit involves the rejection of the bid of M.T. Reed Construction Company, which was admittedly the lowest bid, but not found to be the lowest responsible bid by the Authority. The bid was submitted in response to advertisement by the Authority for the construction and completion of alterations and additions to the Jackson Municipal Airport terminal building.
M.T. Reed Construction Company submitted a bid of $885,000. The next low bid was that of Becknell & Saums, Inc., at $910,928, a difference of $25,928.
The specifications on which bids were invited contained the provisions which would be considered by the Authority in determining which contracting firm was the lowest responsible bidder. One provision states:
B-09
(c) Disqualification of bidders. Any one or more of the following causes may be considered as sufficient for the disqualification of the bidder and rejection of his bid:
* * * * * *
(5) for being in arrears on existing contracts, in litigation with the Authority, or having defaulted on a previous contract. (Emphasis ours.)
At the time of the letting of bids for this project, Delta Construction Company of Jackson, Mississippi, was in litigation with the Authority. The Authority was aware that Delta Construction Company was a sister corporation of the M.T. Reed Construction Company and was owned by the latter. Due to their alter ego relationship, the Authority determined that M.T. Reed Construction Company was in litigation with the Authority as provided in B-09(c) (5), supra.
The attorney representing the Authority was then authorized and directed to approach the attorney for M.T. Reed Construction Company and to suggest that their bid for the project would be accepted if they would bring about the dismissal of the suit of Delta Construction Company against the Authority. No agreement on this matter was reached, and subsequently the Authority rejected the bid of M.T. Reed and accepted the bid of Becknell & Saums, Inc.
After learning that its bid had been rejected, M.T. Reed Construction Company and M.T. Reed, Jr., brought suit against the appellees seeking injunctive relief and attempting to invalidate the contract let by the Authority to Becknell & Saums. The theory of the suit is that injunctive relief was necessary to prevent the taxpayers and citizens of Hinds County from having to pay an extra $25,728 for the project, such amount being the difference between the bids.
At the conclusion of the complainant's case, the court sustained a motion of the *468 defendants to exclude the evidence, and dismissed the bill. The court found:
1. That M.T. Reed Construction Company was a capable and experienced firm, contrary to evidence offered by the defendants in an attempt to show that the complainant was not reliable and responsible.
2. That the inclusion of the "in litigation" provision in the contract was not a lever with which to coerce or to compel one to dismiss his suit, but was for the purpose of eliminating friction between the Authority and the contractor.
3. That even though M.T. Reed Construction Company and Delta Construction Company should be found to be totally separate and distinct, the fact that M.T. Reed Construction Company is the sole owner of Delta's stock, coupled with the fact that Delta is in litigation with the City and the Authority, were, in his opinion, sufficient and reasonable grounds upon which the Authority, in exercise of its sound discretion, was warranted in rejecting the bid of M.T. Reed Construction Company.
On appeal, the appellant, M.T. Reed, Jr., as a taxpayer, assigns as error that:
1. The chancellor erred in sustaining the motion of appellees to exclude complainant's evidence and dismiss the complaint, and erred in entering an order dismissing the complaint.
2. The chancellor erred in deciding that the Jackson Municipal Airport Authority did not abuse its discretion and act illegally in rejecting the lowest bid and in awarding the contract involved to the next highest bidder.
3. The chancellor erred in finding that the existence of litigation between the lowest bidder and the Jackson Municipal Airport Authority was a sufficient basis on which legally to justify the Airport Authority in rejecting the lowest bid of M.T. Reed Construction Company.
The primary issue before this Court is whether the Authority abused its reasonable discretion by rejecting the lowest bid submitted, and accepting the next lowest bid on the basis that the lowest bidder was in litigation with the Authority.
By a plea in bar of appeal, appellees argue that all issues to be decided by this Court are moot due to the fact that the construction contract had been completed by Becknell & Saums and that full payment had been made.
The general rule as to moot questions is covered by 5 C.J.S. Appeal and Error § 1354 (1)a (1958) which states:
As a general rule, since appellate courts do not sit to give opinions on moot questions or abstract propositions, an appeal or writ of error will be dismissed where no actual controversy exists between the parties at the time of the hearing.
This general rule, however, is subject to some exceptions, as where the question involved is a matter of public interest * * *.
The above text was cited with approval and the exception was applied by this Court in Sartin, Circuit Clerk v. Barlow, Dist. Atty. ex rel. Smith, 196 Miss. 159, 16 So.2d 372 (1944), wherein the Court said:
While it is well established in this state, as well as elsewhere, that as a general rule an appeal will be dismissed when no useful purpose could be accomplished by entertaining it, when so far as concerns any practical ends to be served the decision upon the legal questions involved would be merely academic, it has, on the other hand, been broadly stated that the rule will not be applied when the question or questions involved are matters affecting the public interest. * * * 196 Miss. at 169-170, 16 So.2d at 376.
We are of the opinion that the public interest in a matter of this nature is of *469 sufficient weight and import to place it within the purview of the above-stated exception.
Counsel for the appellant attempts to raise a constitutional issue in asserting that his client will be denied his day in court if the "in litigation" ground for rejection is used as a contingency in future public contracts. He argues that it will discourage and even deny a contractor the right to pursue his legitimate interest against the public authority in a court of competent jurisdiction. He contends that the effect of the provision will be to coerce a bidder on a public contract to dismiss a lawful pending action in order to be awarded a contract, thereby denying to this class of citizen the provisions of Sections 24 and 25 of the Mississippi Constitution of 1890 which state:

Section 24. All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.

Section 25. No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both.
We are of the opinion the argument does not bring the case within constitutional proportions. In reaching this conclusion we note that the amended bill does not allege that the Authority has a policy of rejecting all bids wherein the low bidder is in litigation with it. The possible abuse of the discretion to accept the lowest responsible bid is not persuasive argument against permitting the discretion. It presupposes an abuse of discretion whereas the presumption of law is that public officials will perform their duties in accord with law. Additionally, the notice for the letting of bids contains the following:
B-09
(c) Any one or more of the following causes may be considered as sufficient for the disqualification of the bidder and rejection of his bid: * * *.
Considering the fact that the "in litigation" ground for disqualification is preceded by B-09(c), we are of the opinion that the full meaning of the clause merely suggests the possibility of consideration by the Authority of the fact that the bidder is in litigation with it, and offers the Authority an alternate choice of action. The Authority in its discretion may consider the fact that a firm is in litigation against it and may disqualify the bid or it may decide to grant the contract to that firm. As mentioned, we conclude the future fear of abuse is insufficient under these circumstances to make a constitutional question.
In order to determine if the Authority abused its discretionary powers we must ascertain what amount of discretion a public authority has in the letting of contracts. The contract here was to be let by the Authority to the lowest responsible bidder synonomous with "lowest and best bid," as distinguished from the low bidder. Wilmott Coal Co. v. State Purchasing Commission, 246 Ky. 115, 54 S.W.2d 634, 86 A.L.R. 127 (1932).
In Parker Brothers v. Crawford, 219 Miss. 199, 209, 68 So.2d 281, 285 (1953), we stated:
There is but little dissent from the general rule that public boards and officials are vested with a sound discretion in making a determination as to who is the "lowest and best bidder", and their decision, when based upon an honest and reasonable exercise of the discretion thus vested in them, will not be interfered with by the courts. 43 Am.Jur., Public Works and Contracts, Section 44. However, such public authorities must always exercise a real discretion based upon facts reasonably tending to support their decision. The rule does not permit them to act arbitrarily. The award must be *470 made reasonably, honestly, and in good faith, but when it appears that they have so acted, the courts will not interfere. Nevertheless, all else being equal, it is the duty of public authorities such as school trustees to accept the bid involving the least expenditure of public funds.
The Court held that a school board did not abuse its discretion or act arbitrarily in not awarding a plumbing contract to the lowest monetary bidder. The decision was based partly on the fact that the remedy sought was a writ of mandamus, but the case did recognize the broad discretion in such boards.
In light of the authorities mentioned, which support the use of broad discretionary powers in public authorities with regard to their contract-letting duties, we concur with the lower court in its finding and conclusion that the Authority acted upon reasonable grounds, and did not abuse its discretion in rejecting the bid of the appellant.
Affirmed.
GILLESPIE, P.J., and INZER, SMITH, and ROBERTSON, JJ., concur.