ROBERTSON, Justice.
In accordance with law, the Warren County Board of Education (hereafter School Board) advertised for bids for construction of a gymnasium for school purposes.
On December 8, 1969, when the bids were opened, it was determined that of four bids received the bid of Reed-Joseph Company in the sum of $29,790.00 was the lowest and best bid. The contract was awarded to Reed-Joseph; they built the gymnasium to the complete satisfaction of the School Board and its supervising engineer and Reed-Joseph had been paid in full. The gym has been in full use by the school since its completion.
On December 17, 1969, Fordice Construction Company, the next lowest bidder, brought suit to have the contract between the School Board and Reed-Joseph declared null and void, and prayed the court to authorize the issuance of a mandatory injunction requiring the School Board to have prepared new plans and specifications, to re-advertise for bids, “and to take such action upon the new bids based upon the new, legal plans and specifications as is required by law, awarding the job to the lowest and best bidder regardless of whether it be Complainants, Defendant Reed-Joseph Co. or another.”
The basis of its suit was that the plans and specifications for the pre-engineered metal building had been prepared by Reed-Joseph Company; and that “the specifications were not sufficiently detailed, definite, and precise upon the essential elements as to afford a basis for full and fair competitive bidding upon a common standard.”
No objection to the plans and specifications was made until the School Board acted on the bids and accepted the lowest and best bid. After Fordice rested, the School Board moved that the bill of complaint be dismissed with prejudice, and the court sustained the motion and entered decree accordingly.
On December 31, 1969, two taxpayers of Warren County, E. C. Loflin, Jr. and Gloria Dudding, filed a rescript of the Fordice bill of complaint and prayed for the same relief. The chancellor sustained a general demurrer to their bill of complaint. They declined to amend and their bill of complaint was finally dismissed.
Motion to Consolidate on Appeal these two cases was made by Fordice and Dud- *203 ding, which motion was concurred in by the School Board and sustained by this Court.
The School Board filed a plea in bar of the two appeals, alleging “that there is no live issue or litigatable matter herein involved; that there is no actual controversy existing between the parties capable of determination, and that all questions or issues are moot.”
Fordice and Dudding do not question the right of the School Board to construct a gymnasium under the authority of Section 6328-24, Mississippi Code of 1942 Annotated (Supp.1968). Complainants do contend, however, that Section 9027, Mississippi Code of 1942 Annotated (Supp. 1968), was not complied with in preparing specifications in that such specifications were not sufficiently detailed, definite and precise. § 9027 provides, in part:
“Such notice shall also state the time and place at which the bids shall be received and, if for a contract, shall briefly indicate the work to be done and refer to the plans and specifications on file at the office of the board.”
The notice published met these requirements. The plans and specifications were sufficiently detailed, definite and precise for four responsible contractors, including Fordice, to submit intelligent bids, and the contract was let to the lowest and best bidder.
The gymnasium was constructed to the entire satisfaction of the School Board, was completely paid for, was immediately put into use, and continues to be used for school purposes.
There is no live or litigable matter involved; there is no controversy existing between the parties capable of determination; and all questions or issues are now moot.
In Insured Savings and Loan Association v. State, 242 Miss. 547, 135 So.2d 703 (1961), we stated:
“It is also a well-established rule that review proceedings are not allowed for the purpose of settling abstract or academic questions, and an appeal will be dismissed if the questions or issues presented have become moot. * * *
“The rule that the Supreme Court will not consider moot questions is applicable to injunction suits, * * *.” 242 Miss, at 555, 556, 135 So.2d at 706, 707.
In M. T. Reed Construction Company v. Jackson Municipal Airport Authority, 227 So.2d 466 (Miss.1969), this Court pointed out that the only exception to the general rule that we would not render opinions on moot questions is “where the question involved is a matter of public interest.”
No fraud was charged in either bill of complaint, neither was it contended that the public suffered in any way from the letting of the contract to the lowest and best bidder. No matter of public interest was involved.
The judgment of the chancery court in both cases is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and INZER, JJ., concur.